UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

04 FEB -3 PM 3:37

TEXAS-EASTERN
BY Jaya McEwen

| | |
|---|---|
| STMICROELECTRONICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MOTOROLA, INC., <br><br> Defendant. | CIVIL ACTION NO. 4:03–CV–276 |

## STMICROELECTRONICS, INC.'S FIRST AMENDED COMPLAINT

Plaintiff STMicroelectronics, Inc., by and through its attorneys, complains against Motorola, Inc. and alleges as follows:

### PARTIES

1. Plaintiff STMicroelectronics, Inc. ("ST INC") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Carrollton, Texas.

2. On information and belief, Defendant Motorola, Inc. ("Motorola") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196. Motorola has appeared in this action and has filed responsive pleadings.

### JURISDICTION AND VENUE

3. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,155,563

5.  United States Patent No. 5,155,563 ("the '563 patent") was issued by the United States Patent & Trademark Office on October 13, 1992. Motorola claims to own all rights in and to the '563 patent.

6.  Motorola has asserted that certain products or acts by ST INC infringe the '563 patent.

7.  An actual controversy exists between ST INC and Motorola regarding the validity and infringement of the '563 patent.

8.  ST INC has not and does not infringe any valid and/or enforceable claim of the '563 patent. In addition, ST INC has not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '563 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '563 patent.

9.  The '563 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

## DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,084,814

10. United States Patent No. 5,084,814 ("the '814 patent") was issued by the United States Patent & Trademark Office on January 28, 1992. Motorola claims to own all rights in and to the '814 patent.

11. Motorola has asserted that certain products or acts by ST INC infringe the '814 patent.

12. An actual controversy exists between ST INC and Motorola regarding the validity and infringement of the '814 patent.

13. ST INC has not and does not infringe any valid and/or enforceable claim of the '814 patent. In addition, ST INC has not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '814 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '814 patent.

14. The '814 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

### DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,776,798

15. United States Patent No. 5,776,798 ("the '798 patent") was issued by the United States Patent & Trademark Office on July 7, 1998. Motorola claims to own all rights in and to the '798 patent.

16. Motorola has asserted that certain products or acts by ST INC infringe the '798 patent.

17. An actual controversy exists between ST INC and Motorola regarding the validity and infringement of the '798 patent.

18. ST INC has not and does not infringe any valid and/or enforceable claim of the '798 patent. In addition, ST INC has not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '798 patent, nor is it directly infringing,

contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '798 patent.

19. The '798 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

### DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 4,548,654

20. United States Patent No. 4,548,654 ("the '654 patent") was issued by the United States Patent & Trademark Office on October 22, 1985. Motorola claims to own all rights in and to the '654 patent.

21. Motorola has asserted that certain products or acts by ST INC infringe the '654 patent.

22. An actual controversy exists between ST INC and Motorola regarding the validity and infringement of the '654 patent.

23. ST INC has not and does not infringe any valid and/or enforceable claim of the '654 patent. In addition, ST INC has not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '654 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '654 patent.

24. The '654 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

## PATENT INFRINGEMENT BY MOTOROLA
## THE PATENTS

25. United States Patent No. 5,812,789 invented by Raul Zegers Diaz and Jefferson Eugene Owen, entitled "Video and/or Audio Decompression and/or Compression Device That Shares a Memory Interface" (the Diaz '789 patent), was duly and legally issued by the United States Patent and Trademark Office on September 22, 1998.

26. United States Patent No. 5,031,092 invented by Jonathan Edwards, David L. Waller, and Michael D. May, entitled "Microcomputer with High Density RAM in Separate Isolated Well on Single Chip" (the Edwards '092 patent), was duly and legally issued by the United States Patent and Trademark Office on July 9, 1991.

27. United States Patent No. 5,359,244 invented by Thomas L.R. Hopkins, entitled "Gate Drive Circuit for a MOS Power Transistor" (the Hopkins '244 patent), was duly and legally issued by the United States Patent and Trademark Office on October 25, 1994.

28. ST INC is the owner of all rights, title and interest in and to the Diaz '789, Edwards '092, and Hopkins '244 patents and is entitled to sue for past and future infringement.

## BACKGROUND

29. Motorola has imported into the United States, and/or made, used, sold, and/or offered for sale in the United States, products covered by Claims 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 28 of the Diaz '789 patent and/or has induced and/or contributed to such activities by others.

30. Motorola has imported into the United States, and/or made, used, sold, and/or offered for sale in the United States, products covered by Claims 1, 6, 10, 11, 12, 23, 24 and 25 of the Edwards '092 patent and/or has induced and/or contributed to such activities by others.

31. Motorola has imported into the United States, and/or made, used, sold, and/or offered for sale in the United States, products covered by Claims 1, 13, 14 and 15 of the Hopkins '244 patent and/or has induced and/or contributed to such activities by others.

32. Motorola has had actual and/or constructive notice and knowledge of the Diaz '789, Edwards '092, and Hopkins '244 patents. The filing of the Original Complaint in this action also constituted notice in accordance with 35 U.S.C. § 287.

## COUNT 1

33. ST INC repeats and realleges the allegations in paragraphs 25 through 32 of this First Amended Complaint.

34. On information and belief, the Defendant has infringed, contributorily infringed, and/or induced infringement of Claims 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 28 of the Diaz '789 patent.

35. On information and belief, the Defendant's infringement of the Diaz '789 patent has been willful. The Defendant's infringement of the Diaz '789 patent has damaged and will continue to damage ST INC.

36. On information and belief, the Defendant's infringement of the Diaz '789 patent has caused and will continue to cause ST INC irreparable harm unless enjoined by the Court. ST INC has no adequate remedy at law.

## COUNT 2

37. ST INC repeats and realleges the allegations in paragraphs 25 through 32 of this Complaint.

38. On information and belief, the Defendant has infringed, contributorily infringed, and/or induced infringement of Claims 1, 6, 10, 11, 12, 23, 24 and 25 of the Edwards '092.

39. On information and belief, the Defendant's infringement of the Edwards '092 patent has been willful. The Defendant's infringement of the Edwards '092 patent has damaged and will continue to damage ST INC.

40. On information and belief, the Defendant's infringement of the Edwards '092 patent has caused and will continue to cause ST INC irreparable harm unless enjoined by the Court. ST INC has no adequate remedy at law.

## COUNT 3

41. ST INC repeats and realleges the allegations in paragraphs 25 through 32 of this Complaint.

42. On information and belief, the Defendant has infringed, contributorily infringed, and/or induced infringement of Claims 1, 13, 14 and 15 of the Hopkins '244 patent.

43. On information and belief, the Defendant's infringement of the Hopkins '244 patent has been willful. The Defendant's infringement of the Hopkins '244 patent has damaged and will continue to damage ST INC.

44. On information and belief, the Defendant's infringement of the Hopkins '244 patent has caused and will continue to cause ST INC irreparable harm unless enjoined by the Court. ST INC has no adequate remedy at law.

## DEMAND FOR JURY

45. ST INC requests a jury to hear this matter.

## PRAYER FOR RELIEF

For these reasons, STMicroelectronics, Inc. respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. Adjudge that Motorola has infringed the Diaz '789, Edwards '092, and Hopkins '244 patents;

b. Adjudge that Motorola's infringement of the Diaz '789, Edwards '092, and Hopkins '244 patents was willful, and that Motorola's continued infringement is willful;

c. Enter an order preliminarily and permanently enjoining Motorola from any further acts of infringement of the Diaz '789, Edwards '092, and Hopkins '244 patents;

d. Award ST INC damages in an amount adequate to compensate ST INC for Motorola's infringement of the Diaz '789, Edwards '092, and Hopkins '244 patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

e. Enter an order trebling any and all damages awarded to ST INC by reason of Motorola's willful infringement of the Diaz '789, Edwards '092, and Hopkins '244 patents under 35 U.S.C. § 284;

f. Enter an order awarding ST INC interest on damages awarded and its costs under 35 U.S.C. § 284;

g. Enter a declaratory judgment that the claims of Motorola's '563, '814, '798, and '654 patents are invalid and/or void;

h. Enter a declaratory judgment that ST INC has not and does not infringe Motorola's '563, '814, '798, and '654 patents;

i. Enter a finding that this is an exceptional case and award ST INC its reasonable attorneys' fees under 35 U.S.C. § 285; and

j. Award such other relief as the Court may deem appropriate and just under the circumstances.

Respectfully submitted,

*Bruce A. Sostek* with permission
by *Cindy M. Allen*

Bruce S. Sostek
  Texas Bar No. 18855700
  Attorney-in-Charge
Jane Politz Brandt
  Texas Bar No. 02882090
Max Ciccarelli
  Texas Bar No. 00787242
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201–4693
214.969.1700
214.969.1751 (facsimile)

Michael E. Jones
  Texas Bar No. 10929400
POTTER MINTON
A Professional Corporation
110 North College
500 Plaza Tower
Tyler, Texas 75702
903.597.8311
903.593.0846 (facsimile)

Clyde Siebman
  Texas Bar No. 18341600
SIEBMAN, REYNOLDS & BURG, LLP
421 North Crockett
Sherman, Texas 75090
903.870.0070
903.870.0066 (facsimile)

ATTORNEYS FOR PLAINTIFF
STMICROELECTRONICS, INC.

## CERTIFICATE OF SERVICE

On the 3rd day of February, 2004, a copy of the foregoing was served upon the following counsel of record as indicated:

**Overnight Delivery**
Kenneth R. Adamo
Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201

**Regular Mail**
James P. Bradley
SIDLEY AUSTIN BROWN & WOOD LLP
717 North Harwood
Dallas, Texas 75201

Cindy M. Allen

071472 000002 DALLAS 1696835.1