IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:03-CV-276 |
| | § | |
| v. | § | Judge Leonard E. Davis |
| | § | |
| MOTOROLA, INC., | § | Jury Trial Demanded |
| | § | |
| Defendant, | § | |
| Counterclaim Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| STMICROELECTRONICS, N.V., and | § | |
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Counterclaim | § | |
| Defendants | § | |

## FIRST AMENDED ANSWER AND COUNTERCLAIMS

Defendant, Motorola, Inc. ("Motorola"), for its First Amended Answer to Plaintiff's First Amended Complaint states as follows:

### Parties

1.      Admits the allegations of paragraph 1 of the Complaint.

2.      Admits the allegations of paragraph 2 of the Complaint.

### Jurisdiction and Venue

3.      Admits that the Complaint purports to allege an action for patent infringement. Admits that the Court has subject matter jurisdiction.

4.      Admits that venue properly lies within this judicial district.

DLI-5826918v1

### Declaratory Judgment for Invalidity and Non-Infringement
### of U.S. Patent No. 5,155,563

5.     Admits the allegations of paragraph 5.

6.     Admits the allegations of paragraph 6.

7.     Admits the allegations of paragraph 7.

8.     Denies the allegations of paragraph 8.

9.     Denies the allegations of paragraph 9.

### Declaratory Judgment for Invalidity and Non-Infringement
### of U.S. Patent No. 5,084,814

10.     Admits the allegations of paragraph 10.

11.     Admits the allegations of paragraph 11.

12.     Admits the allegations of paragraph 12.

13.     Denies the allegations of paragraph 13.

14.     Denies the allegations of paragraph 14.

### Declaratory Judgment for Invalidity and Non-Infringement
### of U.S. Patent No. 5,776,798

15.     Admits the allegations of paragraph 15.

16.     Admits the allegations of paragraph 16.

17.     Admits the allegations of paragraph 17.

18.     Denies the allegations of paragraph 18.

19.     Denies the allegations of paragraph 19.

### Declaratory Judgment for Invalidity and Non-Infringement
### of U.S. Patent No. 4,548,654

20.     Admits the allegations of paragraph 20.

21.     Admits the allegations of paragraph 21.

22.     Admits the allegations of paragraph 22.

23.     Denies the allegations of paragraph 23.

24.     Denies the allegations of paragraph 24.

## The Patents

25.     Admits that U.S. Patent No. 5,812,789 ("the '789 patent") issued on September 22, 1998, is entitled "Video and/or Audio Decompression and/or Compression Device That Shares a Memory Interface," and lists Raul Zegers Diaz and Jefferson Eugene Owen as the named inventors thereof; avers that the '789 patent was not "duly and legally issued;" and otherwise denies the remaining allegations of paragraph 25 of the Complaint.

26.     Admits that U.S. Patent No. 5,031,092 ("the '092 patent") issued on July 9, 1991, is entitled "Microcomputer with High Density RAM in Separate Isolation Well on Single Chip," and lists Jonathan Edwards, David L. Waller, and Michael D. May as the named inventors thereof; avers that the '092 patent was not "duly and legally issued;" and otherwise denies the remaining allegations of paragraph 26 of the Complaint.

27.     Admits that U.S. Patent No. 5,359,244 ("the '244 patent") issued on October 25, 1994, is entitled "Gate Drive Circuit for a MOS Power Transistor," and lists Thomas L. R. Hopkins as the named inventor thereof; avers that the '244 patent was not "duly and legally issued;" and otherwise denies the remaining allegations of paragraph 27 of the Complaint.

28.     Lacks knowledge sufficient to confirm or deny the allegations of paragraph 28 of the Complaint and, therefore, denies the same.

## Background

29.     Denies that Motorola has imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '789 patent, including Claims 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 or 28 of the '789 patent, and denies that Motorola has induced and/or contributed to such

activities by others. Motorola further denies that Claims 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 28 of the '789 patent are at issue in this lawsuit, and contends that ST INC's ability to assert these claims against Motorola is an issue pending before this Court.

30.     Denies that Motorola has imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '092 patent, including Claims 1, 6, 10, 11, 12, 23, 24 or 25 of the '092 patent, and denies that Motorola has induced and/or contributed to such activities by others. Motorola further denies that Claims 1, 6, 10, 11, 12, 24 or 25 of the '092 patent are at issue in this lawsuit, and contends that ST INC's ability to assert these claims against Motorola is an issue pending before this Court.

31.     Denies that Motorola has imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '244 patent, including Claims 1, 13, 14 or 15 of the '244 patent, and denies that Motorola has induced and/or contributed to such activities by others.

32.     Admits only that it has had actual knowledge of the '789, '092, and '244 patents as a result of licensing negotiations with STMicroelectronics, Inc. ("STMicro, Inc."). Motorola further admits that the filing of a claim for patent infringement constitutes notice under 35 U.S.C. § 287, but otherwise denies the allegations in paragraph 32 of the Complaint, including any implication of infringement based upon the wording thereof.

### Answer to Count I

33.     Incorporates by reference paragraphs 25 through 32 above in response to paragraph 33 of the First Amended Complaint.

34.     Denies that Motorola has infringed, contributorily infringed, and/or induced infringement of any valid and/or enforceable claim of the '789 patent, including Claims 1, 2, 3,

DLI-5826918v1

4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, or 28 of the '789 patent. Motorola further

denies that Claims 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 28 of the '789

patent are at issue in this lawsuit, and contends that ST INC's ability to assert these claims

against Motorola is an issue pending before this Court.

    35.    Denies the allegations of paragraph 35 of the Complaint.

    36.    Denies the allegations of paragraph 36 of the Complaint.

## Answer to Count II

    37.    Incorporates by reference paragraphs 25 through 32 above in response to
paragraph 37 of the First Amended Complaint.

    38.    Denies that Motorola has infringed, contributorily infringed, and/or induced
infringement of any valid and/or enforceable claim of the '092 patent, including Claims 1, 6, 10,
11, 12, 23, 24, or 25 of the '092 patent. Motorola further denies that Claims 1, 6, 10, 11, 12, 24
or 25 of the '092 patent are at issue in this lawsuit, and contends that ST INC's ability to assert
these claims against Motorola is an issue pending before this Court.

    39.    Denies the allegations of paragraph 39 of the Complaint.

    40.    Denies the allegations of paragraph 40 of the Complaint.

## Answer to Count III

    41.    Incorporates by reference paragraphs 25 through 32 above in response to
paragraph 41 of the First Amended Complaint.

    42.    Denies that Motorola has infringed, contributorily infringed, and/or induced
infringement of any valid and/or enforceable claim of the '244 patent, including Claims 1, 13, 14
or 15 of the '244 patent.

    43.    Denies the allegations of paragraph 43 of the Complaint.

    44.    Denies the allegations of paragraph 44 of the Complaint.

DLI-5826918v1

## Demand for Jury

45.      Admits that STMicro, Inc. has requested a jury trial.

## Motorola's Affirmative Defenses

1.      Motorola does not infringe any valid and/or enforceable claim of the '789, '092, or '244 patents ("the STM Patents").

2.      Plaintiff is estopped from construing any valid and enforceable claim of the STM Patents to cover or include, either literally or by application of the doctrine of equivalents, any method or product manufactured, used, imported, sold, or offered for sale by Motorola because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the STM Patents, because of disclosure or language in the specifications and/or limitations in the claims of the STM Patents.

3.      Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the STM Patents under the doctrine of equivalents.

4.      The STM Patents are unenforceable and/or are invalid or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112.  Motorola reserves the right to amend this allegation upon discovery from Plaintiff of information related to this claim, as well as to amend this answer in the event other defenses are discovered during the course of this suit.

5.      Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

6.      STMicro, Inc.'s claims are barred by license.

7.      With respect to one or more of the STM patents, STMicro, Inc.'s claims are barred by the doctrines of estoppel, laches, and/or acquiescence.

DLI-5826918v1

## Motorola's Counterclaims

Motorola counterclaims against Plaintiff as follows:

1.      Motorola is a Delaware corporation having a principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.  Motorola, through its subsidiaries, markets and sells semiconductor products throughout the United States, including within this District.

2.      On information and belief, Plaintiff STMicroelectronics, Inc. ("STMicro, Inc.") is a corporation organized under the laws of the State of Delaware with one of its principal places of business at 1310 Electronics Dr., Carrollton, Texas, 75006.  STMicro, Inc. markets and sells semiconductor products throughout the United States, including within this District.  By filing its complaint, STMicro, Inc. has submitted to personal jurisdiction in this District.

3.      On information and belief, STMicroelectronics N.V. ("STMicro N.V.") is a corporation organized under the laws of The Netherlands with its principal place of business at 39, Chemin du Champ-des-Filles, 1228 Plan-les-Ouates, Geneva, Switzerland.  STMicro, Inc. is a wholly-owned subsidiary of STMicro, N.V. (collectively "STMicro").  STMicro N.V., through its U.S. sales offices and distributors, markets and sells semiconductor products throughout the United States, including within this District.  STMicro N.V.  is subject to personal jurisdiction in this District.

4.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 as it arises under an Act of Congress relating to patents.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400.

DLI-5826918v1

### Declaratory Judgment for Invalidity and
### Non-infringement of United States Patents No. 5,812,789

6.    United States Patent No. 5,812,789 ("the '789 patent") was issued by the United States Patent and Trademark Office on September 22, 1998. STMicro, Inc. claims to own all rights in and to the '789 patent.

7.    STMicro has asserted that certain products or acts by Motorola infringe the '789 patent.

8.    An actual controversy exists between Motorola and STMicro regarding the validity and infringement of the '789 patent.

9.    Making, using, selling or offering for sale any products of Motorola has not and does not infringe any valid and/or enforceable claim of the '789 patent. Furthermore, Motorola has not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '789 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '789 patent.

10.    The '789 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

### Declaratory Judgment for Invalidity and
### Non-infringement of United States Patents No. 5,031,092

11.    United States Patent No. 5,031,092 ("the '092 patent") was issued by the United States Patent and Trademark Office on July 9, 1991. STMicro, Inc. claims to own all rights in and to the '092 patent.

12.    STMicro has asserted that certain products or acts by Motorola infringe the '092 patent.

13.     An actual controversy exists between Motorola and STMicro regarding the validity and infringement of the '092 patent.

14.     Making, using, selling or offering for sale any products of Motorola has not and does not infringe any valid and/or enforceable claim of the '092 patent. Furthermore, Motorola has not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '092 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '092 patent.

15.     The '092 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

**Declaratory Judgment for Invalidity and
Non-infringement of United States Patents No. 5,359,244**

16.     United States Patent No. 5,359,244 ("the '244 patent") was issued by the United States Patent and Trademark Office on October 25, 1994. STMicro, Inc. claims to own all rights in and to the '244 patent.

17.     STMicro has asserted that certain products or acts by Motorola infringe the '244 patent.

18.     An actual controversy exists between Motorola and STMicro regarding the validity and infringement of the '244 patent.

19.     Making, using, selling or offering for sale any products of Motorola has not and does not infringe any valid and/or enforceable claim of the '244 patent. Furthermore, Motorola has not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '244 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '244 patent.

DLI-5826918v1

20.     The '244 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

## Patent Infringement

### The Patents

21.     United States Patent No. 5,155,563, invented by Robert B. Davies, Robert J. Johnson and Francine Y. Robb, entitled "Semiconductor Device Having Low Source Inductance" (the "Davies Patent"), was duly and legally issued by the United States Patent and Trademark Office on October 13, 1992. A copy of the Davies Patent is attached hereto as Exhibit A.

22.     United States Patent No. 4,548,654, invented by Philip J. Tobin, entitled "Surface Denuding of Silicon Wafter" (the "Tobin Patent"), was duly and legally issued by the United States Patent and Trademark Office on October 22, 1985. A copy of the Tobin Patent is attached hereto as Exhibit B.

23.     United States Patent Number 5,776,798, invented by Son Ky Quan, Samuel L. Coffman, Bruce Reid, Keith E. Nelson, and Deborah A. Hagan, entitled "Semiconductor Package and Method Thereof" (The "Quan Patent"), was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998. A copy of the Quan patent is attached hereto as Exhibit C.

24.     United States Patent No. 5,084,814, invented by John J. Vaglica, Jay A. Hartvigsen and Rand L. Gray, entitled "Data Processor With Development Support Features" (the "Vaglica Patent"), was duly and legally issued by the United States Patent and Trademark Office on January 28, 1992. A copy of the Vaglica patent is attached hereto as Exhibit D.

DLI-5826918v1

25. Motorola is the owner of all rights, title and interest in and to the Davies, Tobin, Quan and Vaglica Patents (the "Motorola Patents") and is entitled to sue for past and future infringement.

### Background

26. The Motorola Patents cover inventions relating to semiconductor processing, packaging and chip design.

27. The Counterclaim-Defendants have imported into the United States, sold and/or offered for sale in the United States, products covered by the Motorola Patents and/or products made using the methods claimed in the Motorola Patents.

28. The Counterclaim-Defendants have had actual and/or constructive notice and knowledge of the Motorola Patents. The filing of this Counterclaim also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, the Counterclaim-Defendants continue to import, sell and/or offer for sale in the United States products covered by the Motorola Patents and products made by the methods claimed in the Motorola Patents.

### Count I

29. Motorola repeats and realleges the allegations in paragraphs 21-29.

30. On information and belief the Counterclaim-Defendants have infringed and/or induced the infringement of and/or contributed to the infringement of the Davies Patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products that incorporate the invention of the Davies Patent.

31. On information and belief, the Counterclaim-Defendants' infringement of the Davies Patent has been willful. The Counterclaim-Defendants' continued infringement of the Davies Patent has damaged and will continue to damage Motorola.

32.     On information and belief the Counterclaim-Defendants' infringement of the Davies Patent has caused and will continue to cause Motorola irreparable harm unless enjoined by the Court. Motorola has no adequate remedy at law.

### Count II

33.     Motorola repeats and realleges the allegations in paragraphs 21-29.

34.     On information and belief, the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Tobin Patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products that incorporate the invention of and/or were made using the methods claimed in the Tobin Patent.

35.     On information and belief, the Counterclaim-Defendants' infringement of the Tobin Patent has been willful. The Counterclaim-Defendant's infringement of the Tobin Patent has damaged Motorola.

### Count III

36.     Motorola repeats and realleges the allegations in paragraphs 21-29.

37.     On information and belief, the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Quan Patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products that incorporate the invention of, and/or were made using the methods claimed in, the Quan Patent.

38.     On information and belief, the Counterclaim-Defendants' infringement of the Quan Patent has been willful. The Counterclaim-Defendant's continued infringement of the Quan Patent has damaged and will continue to damage Motorola.



DLI-5826918v1

39.     On information and belief the Counterclaim-Defendants' infringement of the Davies Patent has caused and will continue to cause Motorola irreparable harm unless enjoined by the Court. Motorola has no adequate remedy at law.

### Count IV

40.     Motorola repeats and realleges the allegations in paragraphs 21-29.

41.     On information and belief the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Vaglica Patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products that incorporate the invention of the Vaglica Patent.

42.     On information and belief, the Counterclaim-Defendants' infringement of the Vaglica Patent has been willful. The Counterclaim-Defendants' continued infringement of the Vaglica Patent has damaged and will continue to damage Motorola.

43.     On information and belief the Counterclaim-Defendants' infringement of the Vaglica Patent has caused and will continue to cause Motorola irreparable harm unless enjoined by the Court. Motorola has no adequate remedy at law.

**WHEREFORE,** Motorola prays for a judgment against STMicro as follows:

A.     That STMicro, Inc. takes nothing by its First Amended Complaint in this action;

B.     That the Court enter judgment against STMicro, Inc. and in favor of Motorola and that STMicro, Inc.'s First Amended Complaint in this action be dismissed with prejudice;

C.     That the Court decline to enter a declaratory judgment in favor of STMicro, Inc that the claims of Motorola's '563, '814, '798, or '654 patents are invalid and/or void;

DLI-5826918v1

D.     That the Court decline to enter a declaratory judgment in favor of STMicro, Inc.
       that STMicro, Inc. has not and does not infringe Motorola's '563, '814, '798 or
       '654 patents;

E.     That the Court enter a declaratory judgment that the claims of the STM Patents
       are invalid and/or void;

F.     That the Court enter a declaratory judgment that Motorola has not and does not
       infringe any of the STM Patents;

G.     Adjudge that the Counterclaim-Defendants are infringing the Motorola Patents;

H.     Adjudge that the Counterclaim-Defendants' infringement of the Motorola Patents
       was willful, and that Counterclaim-Defendants' continued infringement of the
       Motorola Patents is willful;

I.     Enter an order preliminarily and permanently enjoining the Counterclaim-
       Defendants from any further acts of infringement of the Davies, Quan and
       Vaglica Patents;

J.     Award Motorola damages in an amount adequate to compensate Motorola for the
       Counterclaim-Defendants' infringement of the Motorola Patents, but in no event
       less than a reasonable royalty under 35 U.S.C. § 284;

K.     Enter an order trebling any and all damages awarded to Motorola by reason of the
       Counterclaim-Defendants' willful infringement of the Motorola Patents, pursuant
       to 35 U.S.C. § 284;

L.     Enter an order awarding Motorola interest on the damages awarded and its costs
       pursuant to 35 U.S.C. § 284;

M.   That the Court declare this an exceptional case and award Motorola its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

N.   That the Court award Motorola such other and further relief as the Court may deem just and proper.

DLI-5826918v1

Dated:  February 17, 2004

Respectfully submitted,

*Kenneth Adamo / permission*

Kenneth R. Adamo, Esq.
kradamo@jonesday.com
State Bar No. 00846960
Attorney-in-Charge
Hilda C. Galvan, Esq.
hcgalvan@jonesday.com
State Bar No. 00787512
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: 214/220-3939
Facsimile: 214/969-5100

Carl R. Roth, Esq.
cr@rothfirm.com
State Bar No. 17312000
Michael Smith, Esq.
ms@rothfirm.com
State Bar No. 18650410
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone:  903-935-1665
Facsimile:  903-935-1797

**ATTORNEYS FOR DEFENDANT
MOTOROLA, INC.**

**OF COUNSEL:**
John Torres, Esq.
john.torres@motorola.com
State Bar No. 24033510
Ann Chilton, Esq.
ann.chilton@motorola.com
State Bar No. 00793424
Motorola, Inc.
7700 West Parmer Lane
Austin, TX 78729
Telephone:  512-996-6573
Facsimile:  512-996-7697

DLI-5826918v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2004, a true and correct copy of the above and foregoing document has been forwarded via overnight courier to the following counsel:

Bruce S. Sostek, Esq.
Attorney-in-Charge
Thompson & Knight L.L.P.
1700 Pacific Ave, Ste. 3300
Dallas, Texas 75201–4693

James Bradley, Esq.
Sidley, Austin, Brown & Wood, LLP
717 North Harwood Street, Ste. 3400
Dallas, Texas 75201

DLI-5826918v1