IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:03-CV-276 |
| | § | |
| v. | § | Judge Leonard E. Davis |
| | § | |
| MOTOROLA, INC., and | § | Jury Trial Demanded |
| FREESCALE SEMICONDUCTOR, INC. | § | |
| | § | |
| Defendants and | § | |
| Counterclaim | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| STMICROELECTRONICS, N.V., and | § | |
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Counterclaim | § | |
| Defendants | § | |

## SECOND AMENDED ANSWER AND COUNTERCLAIMS

Defendants Motorola, Inc. ("Motorola") and Freescale Semiconductor, Inc. ("Freescale") (collectively "Defendants" and/or "Counterclaim-Plaintiffs") for their Second Amended Answer to Plaintiff's First Amended Complaint state as follows:

### Parties

1. Admit the allegations of paragraph 1 of the Complaint.

2. Admit the allegations of paragraph 2 of the Complaint.

### Jurisdiction and Venue

3. Admit that the Complaint purports to allege an action for patent infringement. Admit that the Court has subject matter jurisdiction.

4. Admit that venue properly lies within this judicial district.

### Declaratory Judgment for Invalidity and Non-Infringement of U.S. Patent No. 5,155,563

5. Admit the allegations of paragraph 5, except that Defendants state that the '563 patent was transferred by Motorola to Freescale effective April 4, 2004.

6. Admit the allegations of paragraph 6.

7. Admit the allegations of paragraph 7.

8. Deny the allegations of paragraph 8.

9. Deny the allegations of paragraph 9.

### Declaratory Judgment for Invalidity and Non-Infringement of U.S. Patent No. 5,084,814

10. Admit the allegations of paragraph 10, except that Defendants state that the '814 patent was transferred by Motorola to Freescale effective April 4, 2004.

11. Admit the allegations of paragraph 11.

12. Admit the allegations of paragraph 12.

13. Deny the allegations of paragraph 13.

14. Deny the allegations of paragraph 14.

### Declaratory Judgment for Invalidity and Non-Infringement of U.S. Patent No. 5,776,798

15. Admit the allegations of paragraph 15, except that Defendants state that the '798 patent was transferred by Motorola to Freescale effective April 4, 2004.

16. Admit the allegations of paragraph 16.

17. Admit the allegations of paragraph 17.

18. Deny the allegations of paragraph 18.

19. Deny the allegations of paragraph 19.

## Declaratory Judgment for Invalidity and Non-Infringement of U.S. Patent No. 4,548,654

20. Admit the allegations of paragraph 20, except that Defendants state that the '654 patent was transferred by Motorola to Freescale effective April 4, 2004.

21. Admit the allegations of paragraph 21.

22. Admit the allegations of paragraph 22.

23. Deny the allegations of paragraph 23.

24. Deny the allegations of paragraph 24.

### The Patents

25. Admit that U.S. Patent No. 5,812,789 ("the '789 patent") issued on September 22, 1998, is entitled "Video and/or Audio Decompression and/or Compression Device That Shares a Memory Interface," and lists Raul Zegers Diaz and Jefferson Eugene Owen as the named inventors thereof; avers that the '789 patent was not "duly and legally issued;" and otherwise deny the remaining allegations of paragraph 25 of the Complaint.

26. Admit that U.S. Patent No. 5,031,092 ("the '092 patent") issued on July 9, 1991, is entitled "Microcomputer with High Density RAM in Separate Isolation Well on Single Chip," and lists Jonathan Edwards, David L. Waller, and Michael D. May as the named inventors thereof; avers that the '092 patent was not "duly and legally issued;" and otherwise deny the remaining allegations of paragraph 26 of the Complaint.

27. Admit that U.S. Patent No. 5,359,244 ("the '244 patent") issued on October 25, 1994, is entitled "Gate Drive Circuit for a MOS Power Transistor," and lists Thomas L. R. Hopkins as the named inventor thereof; avers that the '244 patent was not "duly and legally issued;" and otherwise deny the remaining allegations of paragraph 27 of the Complaint.

28. Lack knowledge sufficient to confirm or deny the allegations of paragraph 28 of the Complaint and, therefore, deny the same.

## Background

29. Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '789 patent, including Claims 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 or 28 of the '789 patent, and deny that Defendants have induced and/or contributed to such activities by others. Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 28 of the '789 patent are not at issue in this lawsuit.

30. Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '092 patent, including Claims 1, 6, 10, 11, 12, 23, 24 or 25 of the '092 patent, and deny that Defendants have induced and/or contributed to such activities by others. Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 1, 6, 10, 11, 12, 24 or 25 of the '092 patent are not at issue in this lawsuit.

31. Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '244 patent, including Claims 1, 13, 14 or 15 of the '244 patent, and deny that Defendants have induced and/or contributed to such activities by others.

32. Admit only that Defendants have actual knowledge of the '789, '092, and '244 patents as a result of licensing negotiations with STMicroelectronics, Inc. ("STMicro, Inc."). Defendants further admit that the filing of a claim for patent infringement constitutes notice

under 35 U.S.C. § 287, but otherwise deny the allegations in paragraph 32 of the Complaint, including any implication of infringement based upon the wording thereof.

## Answer to Count I

33. Incorporate by reference paragraphs 25 through 32 above in response to paragraph 33 of the First Amended Complaint.

34. Deny that Defendants have infringed, contributorily infringed, and/or induced infringement of any valid and/or enforceable claim of the '789 patent, including Claims 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, or 28 of the '789 patent. Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 28 of the '789 patent are not at issue in this lawsuit.

35. Deny the allegations of paragraph 35 of the Complaint.

36. Deny the allegations of paragraph 36 of the Complaint.

## Answer to Count II

37. Incorporate by reference paragraphs 25 through 32 above in response to paragraph 37 of the First Amended Complaint.

38. Deny that Defendants have infringed, contributorily infringed, and/or induced infringement of any valid and/or enforceable claim of the '092 patent, including Claims 1, 6, 10, 11, 12, 23, 24, or 25 of the '092 patent. Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 1, 6, 10, 11, 12, 24 or 25 of the '092 patent are not at issue in this lawsuit.

39. Deny the allegations of paragraph 39 of the Complaint.

40. Deny the allegations of paragraph 40 of the Complaint.

## Answer to Count III

41. Incorporate by reference paragraphs 25 through 32 above in response to paragraph 41 of the First Amended Complaint.

42. Deny that Defendants have infringed, contributorily infringed, and/or induced infringement of any valid and/or enforceable claim of the '244 patent, including Claims 1, 13, 14 or 15 of the '244 patent.

43. Deny the allegations of paragraph 43 of the Complaint.

44. Deny the allegations of paragraph 44 of the Complaint.

## Demand for Jury

45. Admit that STMicro, Inc. has requested a jury trial.

## Defendants' Affirmative Defenses

1. Defendants do not infringe any valid and/or enforceable claim of the '789, '092, or '244 patents ("the STM Patents").

2. Plaintiff is estopped from construing any valid and enforceable claim of the STM Patents to cover or include, either literally or by application of the doctrine of equivalents, any method or product manufactured, used, imported, sold, or offered for sale by Defendants because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the STM Patents, because of disclosure or language in the specifications and/or limitations in the claims of the STM Patents.

3. Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the STM Patents under the doctrine of equivalents.

4. The STM Patents are unenforceable and/or are invalid or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112. Defendants reserve the right to amend this allegation

upon discovery from Plaintiff of information related to this claim, as well as to amend this answer in the event other defenses are discovered during the course of this suit.

5. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

6. STMicro, Inc.'s claims are barred by license.

7. With respect to one or more of the STM patents, STMicro, Inc.'s claims are barred by the doctrines of estoppel, laches, and/or acquiescence.

## Counterclaims

Motorola and Freescale ("Counterclaim-Plaintiffs") counterclaim against Plaintiff as follows:

1. Motorola is a Delaware corporation having a principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196. Motorola, through its subsidiaries, markets and sells semiconductor products throughout the United States, including within this District.

2. Freescale is a Delaware corporation having a principal place of business at 6501 William Cannon Drive, Austin, Texas 78737. Freescale is a wholly owned subsidiary of Motorola and markets and sells semiconductor products throughout the United States, including in this District.

3. On information and belief, Plaintiff STMicroelectronics, Inc. ("STMicro, Inc.") is a corporation organized under the laws of the State of Delaware with one of its principal places of business at 1310 Electronics Dr., Carrollton, Texas, 75006. STMicro, Inc. markets and sells semiconductor products throughout the United States, including within this District. STMicro, Inc. has appeared in this case and is before the Court for all purposes.

4. On information and belief, STMicroelectronics N.V. ("STMicro N.V.") is a corporation organized under the laws of The Netherlands with its principal place of business at

39, Chemin du Champ-des-Filles, 1228 Plan-les-Ouates, Geneva, Switzerland. STMicro, Inc. is a wholly-owned subsidiary of STMicro, N.V. (collectively "STMicro"). STMicro N.V., through its U.S. sales offices and distributors, markets and sells semiconductor products throughout the United States, including within this District. STMicro N.V. has appeared herein and is before the Court for all purposes.

5. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 as it arises under an Act of Congress relating to patents.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400.

### Declaratory Judgment for Invalidity and Non-infringement of United States Patents No. 5,812,789

7. United States Patent No. 5,812,789 ("the '789 patent") was issued by the United States Patent and Trademark Office on September 22, 1998. STMicro, Inc. claims to own all rights in and to the '789 patent.

8. STMicro has asserted that certain products or acts by Counterclaim-Plaintiffs infringe the '789 patent.

9. An actual controversy exists between Counterclaim-Plaintiffs and STMicro regarding the validity and infringement of the '789 patent.

10. Making, using, selling or offering for sale any products of Counterclaim-Plaintiffs has not and does not infringe any valid and/or enforceable claim of the '789 patent. Furthermore, Counterclaim-Plaintiffs have not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '789 patent, nor are they directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '789 patent.

11. The '789 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

### Declaratory Judgment for Invalidity and Non-infringement of United States Patents No. 5,031,092

12. United States Patent No. 5,031,092 ("the '092 patent") was issued by the United States Patent and Trademark Office on July 9, 1991. STMicro, Inc. claims to own all rights in and to the '092 patent.

13. STMicro has asserted that certain products or acts by Counterclaim-Plaintiffs infringe the '092 patent.

14. An actual controversy exists between Counterclaim-Plaintiffs and STMicro regarding the validity and infringement of the '092 patent.

15. Making, using, selling or offering for sale any products of Counterclaim-Plaintiffs has not and does not infringe any valid and/or enforceable claim of the '092 patent. Furthermore, Counterclaim-Plaintiffs have not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '092 patent, nor are they directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '092 patent.

16. The '092 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

## Declaratory Judgment for Invalidity and
## Non-infringement of United States Patents No. 5,359,244

17.   United States Patent No. 5,359,244 ("the '244 patent") was issued by the United States Patent and Trademark Office on October 25, 1994. STMicro, Inc. claims to own all rights in and to the '244 patent.

18.   STMicro has asserted that certain products or acts by Counterclaim-Plaintiffs infringe the '244 patent.

19.   An actual controversy exists between Counterclaim-Plaintiffs and STMicro regarding the validity and infringement of the '244 patent.

20.   Making, using, selling or offering for sale any products of Counterclaim-Plaintiffs has not and does not infringe any valid and/or enforceable claim of the '244 patent. Furthermore, Counterclaim-Plaintiffs have not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '244 patent, nor are they directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '244 patent.

21.   The '244 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

## Patent Infringement

### The Patents

22.   United States Patent No. 5,155,563, invented by Robert B. Davies, Robert J. Johnson and Francine Y. Robb, entitled "Semiconductor Device Having Low Source Inductance" (the "Davies Patent"), was duly and legally issued by the United States Patent and

Trademark Office on October 13, 1992. A copy of the Davies Patent is attached hereto as Exhibit A.

23. United States Patent No. 4,548,654, invented by Philip J. Tobin, entitled "Surface Denuding of Silicon Wafter" (the "Tobin Patent"), was duly and legally issued by the United States Patent and Trademark Office on October 22, 1985. A copy of the Tobin Patent is attached hereto as Exhibit B.

24. United States Patent Number 5,776,798, invented by Son Ky Quan, Samuel L. Coffman, Bruce Reid, Keith E. Nelson, and Deborah A. Hagan, entitled "Semiconductor Package and Method Thereof" (The "Quan Patent"), was duly and legally issued by the United States Patent and Trademark Office on July 7, 1998. A copy of the Quan patent is attached hereto as Exhibit C.

25. United States Patent No. 5,084,814, invented by John J. Vaglica, Jay A. Hartvigsen and Rand L. Gray, entitled "Data Processor With Development Support Features" (the "Vaglica Patent"), was duly and legally issued by the United States Patent and Trademark Office on January 28, 1992. A copy of the Vaglica patent is attached hereto as Exhibit D.

26. Before April 4, 2004, Motorola was the owner of all rights, title and interest in and to the Davies, Tobin, Quan and Vaglica Patents (the "Motorola Patents"). From April 4, 2004 to the present, Freescale has owned, and continues to own, all rights, title and interest in and to the Motorola Patents.

## Background

27. The Motorola Patents cover inventions relating to semiconductor processing, packaging and chip design.

28. The Counterclaim-Defendants have imported into the United States, sold and/or offered for sale in the United States, products covered by the Motorola Patents and/or products made using the methods claimed in the Motorola Patents.

29. The Counterclaim-Defendants have had actual and/or constructive notice and knowledge of the Motorola Patents. The filing of this Counterclaim also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, the Counterclaim-Defendants continue to import, sell and/or offer for sale in the United States products covered by the Motorola Patents and products made by the methods claimed in the Motorola Patents.

### Count I

30. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 21-29.

31. On information and belief the Counterclaim-Defendants have infringed and/or induced the infringement of and/or contributed to the infringement of the Davies Patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products that incorporate the invention of the Davies Patent.

32. On information and belief, the Counterclaim-Defendants' infringement of the Davies Patent has been willful. The Counterclaim-Defendants' continued infringement of the Davies Patent has damaged and will continue to damage Counterclaim-Plaintiffs.

33. On information and belief the Counterclaim-Defendants' infringement of the Davies Patent has caused and will continue to cause Counterclaim-Plaintiffs irreparable harm unless enjoined by the Court. Counterclaim-Plaintiffs have no adequate remedy at law.

### Count II

34. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 21-29.

35. On information and belief, the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Tobin Patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products that incorporate the invention of and/or were made using the methods claimed in the Tobin Patent.

36. On information and belief, the Counterclaim-Defendants' infringement of the Tobin Patent has been willful. The Counterclaim-Defendants' infringement of the Tobin Patent has damaged Counterclaim-Plaintiffs.

### Count III

37. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 21-29.

38. On information and belief, the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Quan Patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products that incorporate the invention of, and/or were made using the methods claimed in, the Quan Patent.

39. On information and belief, the Counterclaim-Defendants' infringement of the Quan Patent has been willful. The Counterclaim-Defendants' continued infringement of the Quan Patent has damaged and will continue to damage Counterclaim-Plaintiffs.

40. On information and belief the Counterclaim-Defendants' infringement of the Quan Patent has caused and will continue to cause Counterclaim-Plaintiffs irreparable harm unless enjoined by the Court. Counterclaim-Plaintiffs have no adequate remedy at law.

### Count IV

41. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 21-29.

42. On information and belief the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Vaglica Patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products that incorporate the invention of the Vaglica Patent.

43. On information and belief, the Counterclaim-Defendants' infringement of the Vaglica Patent has been willful. The Counterclaim-Defendants' continued infringement of the Vaglica Patent has damaged and will continue to damage Counterclaim-Plaintiffs.

44. On information and belief the Counterclaim-Defendants' infringement of the Vaglica Patent has caused and will continue to cause Counterclaim-Plaintiffs irreparable harm unless enjoined by the Court. Counterclaim-Plaintiffs have no adequate remedy at law.

**WHEREFORE,** Counterclaim-Plaintiffs pray for a judgment against STMicro as follows:

A. That STMicro, Inc. takes nothing by its First Amended Complaint in this action;

B. That the Court enter judgment against STMicro, Inc. and in favor of Counterclaim-Plaintiffs and that STMicro, Inc.'s First Amended Complaint in this action be dismissed with prejudice;

C. That the Court decline to enter a declaratory judgment in favor of STMicro, Inc that the claims of Freescale's '563, '814, '798, or '654 patents are invalid and/or void;

D. That the Court decline to enter a declaratory judgment in favor of STMicro, Inc. that STMicro, Inc. has not and does not infringe Freescale's '563, '814, '798 or '654 patents;

E. That the Court enter a declaratory judgment that the claims of the STM Patents are invalid and/or void;

F. That the Court enter a declaratory judgment that Counterclaim-Plaintiffs have not and do not infringe any of the STM Patents;

G. Adjudge that the Counterclaim-Defendants are infringing the Motorola Patents;

H. Adjudge that the Counterclaim-Defendants' infringement of the Motorola Patents was willful, and that Counterclaim-Defendants' continued infringement of the Motorola Patents is willful;

I. Enter an order preliminarily and permanently enjoining the Counterclaim-Defendants from any further acts of infringement of the Davies, Quan and Vaglica Patents;

J. Award Counterclaim-Plaintiffs damages in an amount adequate to compensate Counterclaim-Plaintiffs for the Counterclaim-Defendants' infringement of the Motorola Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

K. Enter an order trebling any and all damages awarded to Counterclaim-Plaintiffs by reason of the Counterclaim-Defendants' willful infringement of the Motorola Patents, pursuant to 35 U.S.C. § 284;

L. Enter an order awarding Counterclaim-Plaintiffs interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

M. That the Court declare this an exceptional case and award Counterclaim-Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

N.     That the Court award Counterclaim-Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: May 27, 2004

Respectfully submitted,

*/s/ Hilda C. Galvan*

Kenneth R. Adamo, Esq.
kradamo@jonesday.com
State Bar No. 00846960
Attorney-in-Charge
Hilda C. Galvan, Esq.
hcgalvan@jonesday.com
State Bar No. 00787512
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: 214/220-3939
Facsimile: 214/969-5100

Carl R. Roth, Esq.
cr@rothfirm.com
State Bar No. 17312000
Michael Smith, Esq.
ms@rothfirm.com
State Bar No. 18650410
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: 903-935-1665
Facsimile: 903-935-1797

**ATTORNEYS FOR DEFENDANTS MOTOROLA, INC. AND FREESCALE SEMICONDUCTOR, INC.**

OF COUNSEL:
John Torres, Esq.
john.torres@motorola.com
State Bar No. 24033510
Ann Chilton, Esq.
ann.chilton@motorola.com
State Bar No. 00793424
Motorola, Inc.
7700 West Parmer Lane
Austin, TX 78729
Telephone: 512-996-6573
Facsimile: 512-996-7697

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 14th day of July, 2004.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

*/s/ Michael Smith*