# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

STMICROELECTRONICS, INC.,

        Plaintiff,

vs.

MOTOROLA, INC.,

        Defendant.

CIVIL ACTION NO. 4:03–CV–276

---

## THE ST PARTIES' RESPONSE TO MOTOROLA'S MOTION FOR RECONSIDERATION

---

August 4, 2004

Michael E. Jones
POTTER MINTON
110 North College, Suite 500
Tyler, Texas 75702

| | | |
|---|---|---|
| James P. Bradley | Clyde Siebman | Bruce S. Sostek |
| Charles Cotropia | SIEBMAN, REYNOLDS, BURG & | Jane Politz Brandt |
| SIDLEY AUSTIN BROWN & | PHILLIPS L.L.P. | THOMPSON & KNIGHT LLP |
| WOOD, LLP | Federal Courthouse Square | 1700 Pacific Ave., Suite 3300 |
| 717 N. Harwood, Suite 3400 | 300 N. Travis Street | Dallas, Texas 75201 |
| Dallas, Texas 75201 | Sherman, Texas 75090 | |
| **ATTORNEYS FOR** | **ATTORNEYS FOR** | **ATTORNEYS FOR** |
| **STMICROELECTRONICS, N.V.** | **STMICROELECTRONICS, N.V.** | **STMICROELECTRONICS, INC.** |
| | **STMICROELECTRONICS, INC.** | |

Motorola, Inc. has requested that the Court reconsider that portion of the Court's Memorandum and Order ("Order") regarding claim construction that held that "first" does not mean "second" in claim 4 of U.S. Patent No. 5,155,563 (the "Davies patent"). Motorola's motion relies on speculation and makes numerous unsupported statements about what the ST parties allegedly knew and when they allegedly knew it. But even more fundamentally, it assumes that claim 4 was corrected by the July 29, 2003 certificate of correction. It was not.

The issued certificate of correction does not substitute the word "second" for "first" in the last line of claim 4 in the Davies patent, which is the change Motorola now asks this Court to make. Because the July 29, 2003 certificate of correction does not make that change, the question remains whether this Court — rather than the U.S. Patent & Trademark Office ("PTO") — may make this substitution Motorola now requests. As the Court previously held, under the relevant Federal Circuit authority, this correction of the patent must be made by the PTO and not by the district court.

## I. INTRODUCTION

In its Order, the Court made a factual finding that Motorola's cause of action for infringement of claim 4 of the Davies patent arose before July 29, 2003, the date the PTO issued its certificate of correction for the Davies patent.[1] The Court indicated, however, that it would be willing to revisit the issue if the parties had evidence to establish that the cause of action, in fact, arose *after* the certificate issued.[2] Rather than submitting the evidence the Court requested, Motorola admits in its motion for reconsideration that its cause of action arose at least as early as

---

[1] Memorandum Opinion and Order [Docket No. 177], at 20.
[2] *Id.* at 20 n.14.

December 17, 2001, long before the July 29, 2003 certificate issued.[3] Motorola argued that the Court had not applied the relevant Federal Circuit precedent correctly.

Motorola's motion repeatedly refers to what the ST parties allegedly knew about Motorola's efforts to obtain a certificate of correction.[4] Noticeably absent from Motorola's motion, however, is any evidence to support these allegations. Nevertheless, what an accused infringer knows or does not know about the patentee's communications with the PTO is irrelevant to what the scope of the patent is. Indeed, contrary to Motorola's suggestion, because interpretation of the meaning of patent claims is a question of law, a patent cannot be interpreted differently based on the accused infringer's subjective knowledge.

Motorola has not obtained a certificate of correction from the PTO that changes the word "first" to "second" in the last line of claim 4. Thus, this Court's inquiry into whether it can make the correction proposed by Motorola is governed by the Federal Circuit's decision in *Novo Industries, L.P. v. Micro Molds Corp.*[5] The Court already performed the analysis under *Novo Industries* and properly determined that it did not have the authority to make the correction requested by Motorola. Nothing has changed since the Court made that determination. Motorola's motion for reconsideration should be denied.

## II. POINTS AND AUTHORITIES

**A.     The PTO has not issued a Certificate of Correction changing "first" to "second" in the last line of claim 4.**

Motorola's motion focuses on whether its cause of action arose before or after July 29, 2003 — the date of the certificate issued by the PTO. But that point skirts the fact that the

---

[3] Motorola's Motion for Reconsideration [Docket No. 184], at 6–7.

[4] *See, e.g., id.* at 1, 7.

[5] 350 F.3d 1348 (Fed. Cir. 2003).

PTO's certificate of correction does not change "first" to "second" in the last line of claim 4. Rather, it purports to change "first" to "second" at a different location in the patent. Motorola tries to gloss over that fact by arguing that it *requested* that the PTO make the change it now asks this Court to make. The Patent Act, however, explicitly states that it is the "patent, together with **the certificate**," that is given effect after issuance of the certificate.[6] There is simply no authority to support Motorola's assertion that this Court can give effect to a non-existent correction.

While Motorola may contend that the PTO *intended* to make the correction, Federal Circuit law prohibits this Court from attempting to ascertain the intent of the patentee or the PTO. Indeed, in rejecting a certificate of correction, the Federal Circuit in *Superior Fireplace Co. v. Majestic Products Co.*,[7] held that "[n]o inquiry as to the subjective intent of the applicant or PTO is appropriate or even possible in the context of a patent infringement suit."[8] Thus, the claims stand uncorrected by the certificate, and the Court may not consider Motorola's defective request for correction.

**B.      Motorola's analysis would render section 254 of the Patent Act unnecessary.**

Motorola's suggestion that the Court can consider the entire prosecution file — and not just the specification and claim language — to correct errors in the patent would contradict the Federal Circuit's interpretation of section 254 of the Patent Act. As the *Novo Industries* court explained, sections 254 and 255 are parallel provisions that deal with the issuance of certificates of correction by the PTO. Section 255 addresses correction of errors caused by the applicant;

---

[6] 35 U.S.C. § 255 (emphasis added).

[7] 270 F.3d 1358 (Fed. Cir. 2001).

[8] *Id.* at 1375.

section 254 deals with correction of errors caused by the PTO.  The *Novo Industries* court recognized that the same inquiry for when the district court can correct errors in a patent applies to errors that were made by either the applicant or the PTO.[9]

Section 254 states:

> Whenever a mistake in a patent, incurred through the fault of the Patent and Trademark Office, is clearly disclosed by the records of the Office, the Directory may issue a certificate of correction . . . .[10]

Errors caused by the PTO — e.g., omissions and typographical errors in printing the patent — would always be clear if the entire prosecution file were considered.  Nevertheless, the law does not permit all PTO errors to be corrected by the district court.  Indeed, the *Novo Industries* court recognized that only certain PTO errors could be corrected by the district court.  But those errors — just like errors caused by the applicant — had to be beyond reasonable debate ***based on the claim language and specification***.[11]

In *Southwest Software, Inc. v. Harlequin Inc.*,[12] cited by this Court in its Order, the Federal Circuit implicitly recognized that the district courts cannot correct errors where the correction was not clear from the specification and claim language but would have been clear from the PTO records.  In *Southwest Software*, a review of the file history of the relevant patent would have revealed the error — the omission by the PTO from the issued patent of an appendix that was included in the application.[13]  Despite the fact that the error would have been clear considering

---

[9] *See Novo Indus.*, 330 F.3d at 1356–57 (discussing parallel language between sections 254 and 255 and announcing a single test for when a district court can correct errors in a patent).

[10] 35 U.S.C. § 254.

[11] *See Novo Indus.*, 330 F.3d at 1357 (making no distinction between applicant-caused and PTO-caused errors in announcing test for when a district court can correct errors in a patent).

[12] 226 F.3d 1280 (Fed. Cir. 2000).

[13] *Id.* at 1287.

the proceedings in the PTO, the Federal Circuit held that the certificate was effective only for causes of action arising after issuance of the certificate.[14]

Here, the inability of the Court to consider the July 29, 2003 certificate is supported by the notice function under the patent laws.  The Patent Act requires an applicant to include "one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."[15]  This definiteness requirement is "to ensure that the claims are written in such a way that they give notice to the public of the extent of the legal protection afforded by the patent, so that interested members of the public, *e.g.*, competitors of the patent owner, can determine whether or not they infringe."[16]  Indeed, it is the **claims** of the patent that define the metes and bounds of the right the patentee has to exclude others from making, using, or selling the protected invention.[17]

The certificate of correction entered by the PTO cannot function to provide the required notice because it does not make the correction Motorola now seeks.  Indeed, competitors trying to determine whether they infringe cannot make that determination, even considering the certificate of correction.

## C. The certificate of correction submitted by Motorola to the PTO violated the PTO's procedures.

In arguing that the PTO intended to make the correction it now asks this Court to make, Motorola omitted numerous facts that demonstrate that the PTO was confused by Motorola's proposed change.  Indeed, Motorola first requested correction — and submitted a proposed

---

[14] *Id.* at 1294.

[15] 35 U.S.C. § 112, ¶ 2.

[16] *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1340 (Fed. Cir. 2003).

[17] *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1257 (Fed. Cir. 1989).

certificate of correction — on February 2, 2001. Motorola's proposed certificate referred to "Claim 4, line 23".[18] This format is in direct violation of the PTO's procedures, which expressly require proposed certificates to include only the *column* and line number: "[O]n form PTO/SB/44 [the form submitted by Motorola], only the column and line number should be used."[19]

After reviewing Motorola's request and the proposed certificate, the PTO denied the proposed correction, specifically referring to "the alleged error in **column 4, claim 4, line 23**."[20] This clear reference to column 4 should have put Motorola on notice that it had not followed the proper procedures in submitting the proposed certificate.

Following the PTO's denial of the correction, Motorola sought reconsideration — but submitted the same defective certificate that did not refer to the column and line of the error. Because Motorola's proposed certificate was not in proper form, the PTO created a new certificate, which explicitly refers to "Column 4, line 23". That is the certificate that issued on July 29, 2003.

Rather than request that the PTO issue another certificate of correction, which it obviously could have done, Motorola filed suit, hoping that it could convince this Court to overlook its failures to comply with the PTO's procedures and to give force to what it claims the certificate should have said. But as mentioned above, the Federal Circuit has held in a case

---

[18] Exhibit A — Proposed Certificate of Correction submitted by Motorola to the PTO on February 2, 2001.

[19] *Manual of Patent Examining Procedure* § 1485, at 1400–50 (7th ed. 2000). A copy of the relevant section of the MPEP is attached hereto as Exhibit B.

[20] Exhibit C — June 1, 2001 letter from Decisions and Certificates of PTO Corrections Branch to Motorola stating denial of certificate of correction.

dealing with an improperly issued certificate of correction that the inquiry into the applicant's or PTO's subjective intent is impermissible.[21]

Regardless of whether Motorola — or even the PTO — *intended* to make the correction Motorola now asks this Court to make, the fact remains that the patent — even with the certificate of correction — does not include this correction. And thus, the issue for the Court is whether, under *Novo Industries, L.P. v. Micro Molds Corp.*,[22] the Court can make the requested correction. As the Court previously held, it cannot do so.

### D. Motorola misstates the analysis under *Novo Industries*.

As this Court previously recognized, the Federal Circuit has "held 'that the district court can correct only *Essex*-type errors. A district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims.'"[23] Ignoring the Federal Circuit's clear language, Motorola claims that the Court erred in failing to consider Motorola's own requests for correction in determining whether there was reasonable debate as to the correction. Motorola's argument is flawed because the reasonable-debate inquiry is limited to "the claim language and the specification" — it does not allow consideration of the file history, whether before or after issuance. Thus, the Court's prior analysis was proper, and Motorola's request for reconsideration should be denied.

Indeed, as the ST parties illustrated in their claim-construction briefing — and the Court recognized — the proposed correction of the word "first" in the last line of claim 4 is subject to

---

[21] *Superior Fireplace*, 270 F.3d at 1375.

[22] 350 F.3d 1348 (Fed. Cir. 2003).

[23] Memorandum Opinion and Order [Docket No. 177], at 20–21 (citing *Novo Indus.*, 350 F.3d at 1357) (footnote omitted).

reasonable debate based on the specification and claim language. As the Court will recall, the relevant passage in the issued Davies patent recites: "wherein the drain region is adjacent the first region."[24] Although Motorola asked the Court to replace "first" with "second," the Court held that "replacing 'first' with 'gate' would not be facially inconsistent with claim 4 because claim 4 makes reference to the gate region."[25] The Court then explained that it "may not debate whether 'second' is a more appropriate correction than 'gate,' because both are at least 'reasonable.'"[26]

In passing, the Court stated that although the argument that "first" may be replaced with "gate" was reasonable, it characterized the support for that replacement as "weak."[27] In its motion for reconsideration, Motorola tries to make a point of the Court's characterization. But Motorola fails to mention a point that perhaps the Court overlooked in describing the support as "weak." Claim 9 of the Davies patent expressly includes the following element: "a plurality of ***drain regions*** formed on the front side ***each adjacent*** to one of the plurality of ***gate regions***".[28] Far from having limited support, by including this limitation in claim 9, Motorola obviously thought that having the drain region adjacent to the gate region was quite important.

Because the correction sought by Motorola is subject to reasonable debate based on the claim language and specification, the proposed correction fails the first prong of the *Novo Industries* inquiry. And thus, as the Court has already found, it need not even look to see if the prosecution history suggests a different interpretation than the proposed correction.

---

[24] U.S. Patent No. 5,155,563

[25] Memorandum Opinion and Order [Docket No. 177], at 24.

[26] *Id.*

[27] *Id.* at 24 n.23.

[28] Davies '563 patent col. 5, lines 5–6.

Motorola argues that the Court must consider its request for issuance of the certificate of correction as evidence that its proffered correction is the only reasonable one.  As described above, however, the Court may consider only the claim language and the specification in determining whether the proposed correction is subject to reasonable debate.  The Court properly determined that, because the correction of the apparent error was subject to reasonable debate, the Court could not correct the claim as Motorola requested.

### E.     Motorola misstates the analysis under *Southwest Software.*

As the Court recognized in its Order, "*Southwest Software, Inc. v. Harlequin Inc.* mandates that a 'certificate of correction is only effective for causes of action arising after it was issued.'"[29] The Court made a factual determination that Motorola's cause of action against the ST parties arose before the issuance of the certificate of correction that Motorola claims also contains a typographical error.[30]  The Court indicated a willingness "to revisit this factual finding if the parties have evidence establishing that Motorola's cause of action for infringement arose after the certificate of correction issued."[31]

Instead of providing any such evidence, Motorola concedes in its Motion that the Court's factual determination that Motorola was aware of the ST parties' alleged infringement of the Davies patent on December 17, 2001, some two-and-a-half years before the certificate of correction issued.[32]  Motorola argues that because of the fact that it had **requested** a certificate of correction before that date, "ST and the rest of the public had notice that Motorola was

---

[29] Memorandum Opinion and Order [Docket No. 177], at 18 (citation omitted).

[30] *Id.* at 20.

[31] *Id.* at 20 n.14.

[32] Motorola's Motion for Reconsideration [Docket No. 184], at 6–7.

correcting the typographical error in the Davies patent before any causes of action arose in this case."[33]  Motorola's argument is inconsistent with the Patent Act and Federal Circuit precedent.

Indeed, section 255 of the Patent Act expressly states that the "patent, together with ***the certificate***, shall have the same effect and operation in law on the trial of actions for ***causes thereafter arising*** . . . ."[34]  And the Federal Circuit in *Southwest Software* held that a "certificate of correction is only effective for causes of action arising after it was issued."[35]  Here, Motorola admits that it put the ST parties on notice of the alleged infringement in December 2001, long before the certificate of correction issued on July 29, 2003.  Motorola's novel theory that somehow the Court can give effect to Motorola's ***request*** for correction finds no support in law, and thus, must be rejected.

Motorola tries to distinguish *Southwest Software* by making up facts that are not in the Federal Circuit's opinion.  Specifically, Motorola states: "Most importantly, the accused infringer in *Southwest Software* ceased its accused infringing behavior before the certificate of correction issued."[36]  This alleged "fact" is not stated in the opinion.  Rather, the court noted that after suit was filed, one defendant sought to "defeature" certain automated features in its accused ScriptWorks Revision 6 software.[37]  In describing the creation of Revision 7 of the software, the opinion does not state that this defendant stopped making or selling Revision 6 before or after the issuance of the certificate — or even if the defendant stopped making or selling Revision 6 at all.  The opinion is also silent about when the other defendant, which sold imagesetters

---

[33] *Id.* at 7.

[34] 35 U.S.C. § 255 (emphasis added).

[35] *Southwest Software*, 226 F.3d at 1294.

[36] Motorola's Motion for Reconsideration, at 6 (emphasis in original).

[37] *Southwest Software*, 226 F.3d at 1287.

containing the ScriptWorks software, ceased selling products with Revision 6 of the software, if at all.  Finally, contrary to Motorola's suggestion, the *Southwest Software* plaintiff asserted that both Revision 6 and Revision 7 of the ScriptWorks software infringed the patent.[38]

As the Court previously found, Motorola has now admitted that its cause of action against the ST parties arose at least as early as December 17, 2001, two-and-a-half years before issuance of the July 29, 2003 certificate of correction.  Under *Southwest Software*, even if the Court were to overlook the alleged deficiencies in the certificate — which it should not for the reasons stated above — it still cannot give effect to the correction Motorola is now requesting because Motorola's cause of action arose before the certificate issued.

Finally, for at least four reasons, failure to give effect to Motorola's proposed correction will not provide a "draconian result," as Motorola argues.  First, the Davies patent issued on October 13, 1992, yet Motorola did not request correction until February 2, 2001, over eight years later.  The Federal Circuit explained in *Southwest Software* that "it does not seem to us to be asking too much to expect a patentee to check a patent when it is issued in order to determine whether it contains any errors that require the issuance of a certificate of correction."[39]  Second, Motorola caused the PTO to issue the July 29, 2003 certificate by failing to follow the procedures required by the PTO for submitting proposed certificates.  Third, when the certificate issued, Motorola could have requested that the PTO issue a superseding certificate of correction, but it chose not to do so.  Fourth, Motorola has asserted that the ST parties have infringed several claims of the Davies patent, and thus, the Court's failure to make the correction that Motorola now seeks will not deprive Motorola of the ability to assert the Davies patent.  Indeed, before

---

[38] *See id.* at 1288.  The jury found no infringement by the Revision 7 software.

[39] *Southwest Software*, 226 F.3d at 1296.

filing suit, Motorola accused the ST parties of only infringing claim 1, not claim 4 where the alleged error exists.

### III. CONCLUSION

The Court already decided that, under the relevant Federal Circuit precedent, it could not construe "first" as "second" in the last line of claim 4 of the Davies patent. The Court indicated a willingness to revisit the issue, however, if Motorola had evidence that its cause of action arose after the PTO issued the certificate of correction on July 29, 2003. But rather than submitting that evidence, Motorola admitted that its cause of action arose at least two-and-a-half years before the PTO issued the certificate. For that reason alone, the Court may deny Motorola's motion for reconsideration.

Because the certificate of correction entered by the PTO does not make the correction Motorola now asks this Court to make, the Court's analysis is exactly the same as it has already performed. Under the relevant precedent, because Motorola's proposed correction is subject to reasonable debate based on the claim language and specification, the Court correctly determined that it may not make the correction requested by Motorola. Accordingly, the Court should deny Motorola's motion for reconsideration.

Respectfully submitted,

*[signature: Bruce S. Sostek / w permission]*

Bruce S. Sostek
  Texas Bar No. 18855700
  Attorney-in-Charge
Jane Politz Brandt
  Texas Bar No. 02882090
Max Ciccarelli
  Texas Bar No. 00787242
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201–4693
214.969.1700
214.969.1751 (facsimile)

Michael E. Jones
  Texas Bar No. 10929400
POTTER MINTON
A Professional Corporation
110 North College
500 Plaza Tower
Tyler, Texas 75702
903.597.8311
903.593.0846 (facsimile)

Clyde Siebman
  Texas Bar No. 18341600
SIEBMAN, REYNOLDS & BURG, LLP
421 North Crockett
Sherman, Texas 75090
903.870.0070
903.870.0066 (facsimile)

ATTORNEYS FOR STMICROELECTRONICS, INC.

_____
James P. Bradley
 Texas Bar No. 02826000
SIDLEY AUSTIN BROWN & WOOD LLP
717 North Harwood
Dallas, Texas 75201
214.981.3300
214.981.3400 (facsimile)

Michael E. Jones
  Texas Bar No. 10929400
POTTER MINTON
A Professional Corporation
110 North College
500 Plaza Tower
Tyler, Texas 75702
903.597.8311
903.593.0846 (facsimile)

Clyde Siebman
  Texas Bar No. 18341600
SIEBMAN, REYNOLDS & BURG, LLP
421 North Crockett
Sherman, Texas 75090
903.870.0070
903.870.0066 (facsimile)

ATTORNEYS FOR STMICROELECTRONICS, N.V.

## CERTIFICATE OF SERVICE

On the 4th day of August, 2004, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV–5(a)(3).

_/s/_ _Jane Politz Brandt_

DALLAS 1771743.1