IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:03-CV-276 |
| | § | |
| v. | § | Judge Leonard E. Davis |
| | § | |
| MOTOROLA, INC., and | § | |
| FREESCALE SEMICONDUCTOR, INC. | § | |
| | § | |
| Defendants, | § | |
| Counterclaim Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| STMICROELECTRONICS, N.V., and | § | |
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Counterclaim | § | |
| Defendants | § | |

**SECOND AMENDED REPLY OF DEFENDANTS TO COUNTERCLAIMS OF
<u>STMICROLECTRONICS, N.V.</u>**

Defendants, Motorola, Inc. ("Motorola") and Freescale Semiconductor, Inc. ("Freescale") (collectively, "Defendants"), for their Reply to STMicrolectronics, N.V's ("ST NV") Counterclaims for Declaratory Relief ("Counterclaims"), as amended and stated in Counterclaim Defendant STMicroelectronics, N.V.'s Reply to Motorola's Second Amended Answer and Counterclaims, state as follows:

**INTRODUCTION**

1.  Defendants admit that paragraph 53 of ST NV's Counterclaims identifies the nature and purported basis of ST NV's counterclaims. Defendants, however, deny that ST NV does not infringe certain patents and that such patents at issue are invalid or otherwise unenforceable.

## THE PARTIES

2.       Upon information and belief, Defendants admit the allegations contained in paragraph 54 of ST NV's Counterclaims.

3.       Defendants deny that Freescale is a wholly owned subsidiary of Motorola, but otherwise admit the allegations contained in paragraph 55 of ST NV's Counterclaims.

4.       Defendants admit the allegations contained in paragraph 56 of ST NV's Counterclaims.

## JURISDICTION AND VENUE

5.       Defendants admit that paragraph 57 of ST NV's Counterclaims purports to allege an action for declaratory judgment that the claims of U.S. Patent Nos. 5,155,563 (the "'563 patent"), 5,084,814 (the "'814 patent"), 5,776,798 (the "'798 patent"), and 4,548,654 (the "'654 patent") are invalid and not infringed.  Defendants, however, deny that the claims of the '563, '814, '798 and '654 patents are invalid and/or not infringed by ST NV.

6.       Defendants admit the allegations contained in paragraph 58 of ST NV's Counterclaims pertaining to subject matter jurisdiction and venue.

7.       Defendants admit the allegations contained in paragraph 59 of ST NV's Counterclaims pertaining to the existence of actual controversy as to ST NV's infringement of the '563, the '814, the '798 and the '654 patents, and as to validity and enforceability of said patents.

8.       Defendants admit the allegations contained in paragraph 60 of ST NV's Counterclaims.

## THE PATENTS

9. Defendants admit the allegations contained in paragraph 61 of ST NV's Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,155,563 (the '563 patent) before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '563 patent.

10. Defendants admit the allegations contained in paragraph 62 of ST NV's Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,084,814 ("the '814 patent") before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '814 patent.

11. Defendants admit the allegations contained in paragraph 63 of ST NV's Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,776,798 ("the '798 patent") before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '798 patent.

12. Defendants admit the allegations contained in paragraph 64 of ST NV's Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 4,548,654 ("the '654 patent") before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '654 patent.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,155,563

13. In response to paragraph 65 of ST NV's Counterclaims, Defendants reallege and reaffirm their responses to paragraphs 53-64 of ST NV's Counterclaims.

14. Defendants deny the allegations contained in paragraph 66 of ST NV's Counterclaims.

15. Defendants deny the allegations contained in paragraph 67 of ST NV's Counterclaims.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,084,814

16. In response to paragraph 68 of ST NV's Counterclaims, Defendants reallege and reaffirm their responses to paragraphs 53-64 of ST NV's Counterclaims.

17. Defendants deny the allegations contained in paragraph 69 of ST NV's Counterclaims.

18. Defendants deny the allegations contained in paragraph 70 of ST NV's Counterclaims.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,776,798

19. In response to paragraph 71 of ST NV's Counterclaims, Defendants reallege and reaffirm their responses to paragraphs 53-64 of ST NV's Counterclaims.

20. Defendants deny the allegations contained in paragraph 72 of ST NV's Counterclaims.

21. Defendants deny the allegations contained in paragraph 73 of ST NV's Counterclaims.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 4,548,654

22. In response to paragraph 74 of ST NV's Counterclaims, Defendants reallege and reaffirm their responses to paragraphs 53-64 of ST NV's Counterclaims.

23. Defendants deny the allegations contained in paragraph 75 of ST NV's Counterclaims.

24. Defendants deny the allegations contained in paragraph 76 of ST NV's Counterclaims.

## EXCEPTIONAL CASE

25. Defendants deny the allegations contained in paragraph 77 of ST NV's Counterclaims.

## PRAYER FOR RELIEF

Defendants request that ST NV take nothing by its counterclaims and instead judgment be granted in favor of Defendants as follows:

   A. That the Court enter judgment against ST NV and in favor of Defendants and that ST NV's Counterclaims in this action be dismissed with prejudice;

   B. That the Court decline to enter a declaratory judgment in favor of ST NV that it does not infringe any claims of the '563, '814, '798 or '654 patents;

C. That the Court decline to enter a declaratory judgment in favor of ST NV that the claims of the '563, '814, '798 or '654 patents are partially or wholly invalid and/or unenforceable;

D. Adjudge that ST NV is infringing the '563, '814, '798 or '654 patents;

E. Adjudge that ST NV's infringement of the '563, '814, '798 or '654 patents was willful, and that ST NV's continued infringement of these patents is willful;

F. Enter an order preliminarily and permanently enjoining ST NV from any further acts of infringement of the '563, '814, '798 or '654 patents;

G. Award Defendants damages in an amount adequate to compensate Defendants for ST NV's infringement of the '563, '814, '798 or '654 patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

H. Enter an order trebling any and all damages awarded to Defendants by reason of ST NV's willful infringement of the '563, '814, '798 or '654 patents, pursuant to 35 U.S.C. § 284;

I. Enter an order awarding Defendants interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

J. That the Court declare this an exceptional case and award Defendants their costs, expenses, and reasonable attorneys' fees

      pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

K. That the Court award Defendants such other and further relief as the Court may deem just and proper.

Dated: August 12, 2004

      Respectfully submitted,

      */s/ Michael Smith*

      Kenneth R. Adamo, Esq.
      kradamo@jonesday.com
      State Bar No. 00846960
      Attorney-in-Charge
      Hilda C. Galvan, Esq.
      hcgalvan@jonesday.com
      State Bar No. 00787512
      JONES DAY
      2727 North Harwood Street
      Dallas, Texas 75201
      Telephone: 214/220-3939
      Facsimile: 214/969-5100

      Carl R. Roth, Esq.
      cr@rothfirm.com
      State Bar No. 17312000
      Michael Smith, Esq.
      ms@rothfirm.com
      State Bar No. 18650410
      THE ROTH LAW FIRM
      115 N. Wellington, Suite 200
      Marshall, Texas 75670
      Telephone: 903-935-1665
      Facsimile: 903-935-1797

**OF COUNSEL:**
John Torres, Esq.
john.torres@motorola.com
State Bar No. 24033510
Ann Chilton, Esq.
ann.chilton@motorola.com
State Bar No. 00793424
Motorola, Inc.
7700 West Parmer Lane
Austin, TX 78729
Telephone: 512-996-6573
Facsimile: 512-996-7697

      **ATTORNEYS FOR DEFENDANTS MOTOROLA, INC. and FREESCALE SEMICONDUCTOR, INC.**

CLI-1217646v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Michael Smith*
_____