IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:03-CV-276 |
| | § | |
| v. | § | Judge Leonard E. Davis |
| | § | |
| MOTOROLA, INC., and | § | Jury Trial Demanded |
| FREESCALE SEMICONDUCTOR, INC. | § | |
| | § | |
| Defendants and | § | |
| Counterclaim | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| STMICROELECTRONICS, N.V., and | § | |
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Counterclaim | § | |
| Defendants | § | |

**THIRD AMENDED ANSWER AND COUNTERCLAIMS AND REPLY TO ST MICRO., INC.'S COUNTERCLAIMS**

Defendants Motorola, Inc. ("Motorola") and Freescale Semiconductor, Inc. ("Freescale") (collectively "Defendants" and/or "Counterclaim-Plaintiffs") for their Third Amended Answer to Plaintiff's First Amended Complaint state as follows:

**Parties**

1.　　　　Admit the allegations of paragraph 1 of the First Amended Complaint.

2.　　　　Admit the allegations of paragraph 2 of the First Amended Complaint.

**Jurisdiction and Venue**

3.　　　　Admit that the First Amended Complaint purports to allege an action for patent infringement. Admit that the Court has subject matter jurisdiction.

4.	Admit that venue properly lies within this judicial district.

### Declaratory Judgment for Invalidity and Non-Infringement of U.S. Patent No. 5,155,563

5.	Admit the allegations of paragraph 5, except that Defendants state that the '563 patent was transferred by Motorola to Freescale effective April 4, 2004.

6.	Admit the allegations of paragraph 6.

7.	Admit the allegations of paragraph 7.

8.	Deny the allegations of paragraph 8.

9.	Deny the allegations of paragraph 9.

### Declaratory Judgment for Invalidity and Non-Infringement of U.S. Patent No. 5,084,814

10.	Admit the allegations of paragraph 10, except that Defendants state that the '814 patent was transferred by Motorola to Freescale effective April 4, 2004.

11.	Admit the allegations of paragraph 11.

12.	Admit the allegations of paragraph 12.

13.	Deny the allegations of paragraph 13.

14.	Deny the allegations of paragraph 14.

### Declaratory Judgment for Invalidity and Non-Infringement of U.S. Patent No. 5,776,798

15.	Admit the allegations of paragraph 15, except that Defendants state that the '798 patent was transferred by Motorola to Freescale effective April 4, 2004.

16.	Admit the allegations of paragraph 16.

17.	Admit the allegations of paragraph 17.

18.	Deny the allegations of paragraph 18.

19.	Deny the allegations of paragraph 19.

## Declaratory Judgment for Invalidity and Non-Infringement
## of U.S. Patent No. 4,548,654

20. Admit the allegations of paragraph 20, except that Defendants state that the '654 patent was transferred by Motorola to Freescale effective April 4, 2004.

21. Admit the allegations of paragraph 21.

22. Admit the allegations of paragraph 22.

23. Deny the allegations of paragraph 23.

24. Deny the allegations of paragraph 24.

### The Patents

25. Admit that U.S. Patent No. 5,812,789 ("the '789 patent") issued on September 22, 1998, is entitled "Video and/or Audio Decompression and/or Compression Device That Shares a Memory Interface," and lists Raul Zegers Diaz and Jefferson Eugene Owen as the named inventors thereof; avers that the '789 patent was not "duly and legally issued;" and otherwise deny the remaining allegations of paragraph 25 of the First Amended Complaint.

26. Admit that U.S. Patent No. 5,031,092 ("the '092 patent") issued on July 9, 1991, is entitled "Microcomputer with High Density RAM in Separate Isolation Well on Single Chip," and lists Jonathan Edwards, David L. Waller, and Michael D. May as the named inventors thereof; avers that the '092 patent was not "duly and legally issued;" and otherwise deny the remaining allegations of paragraph 26 of the First Amended Complaint.

27. Admit that U.S. Patent No. 5,359,244 ("the '244 patent") issued on October 25, 1994, is entitled "Gate Drive Circuit for a MOS Power Transistor," and lists Thomas L. R. Hopkins as the named inventor thereof; avers that the '244 patent was not "duly and

legally issued;" and otherwise deny the remaining allegations of paragraph 27 of the First Amended Complaint.

28.     Lack knowledge sufficient to confirm or deny the allegations of paragraph 28 of the First Amended Complaint and, therefore, deny the same.

**Background**

29.     Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '789 patent, including Claims 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 or 28 of the '789 patent, and deny that Defendants have induced and/or contributed to such activities by others.  Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 28 of the '789 patent are not at issue in this lawsuit.

30.     Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '092 patent, including Claims 1, 6, 10, 11, 12, 23, 24 or 25 of the '092 patent, and deny that Defendants have induced and/or contributed to such activities by others.  Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 1, 6, 10, 11, 12, 24 or 25 of the '092 patent are not at issue in this lawsuit.

31.     Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '244 patent, including Claims 1, 13, 14 or 15 of the '244 patent, and deny that Defendants have induced and/or contributed to such activities by others.

32. Admit only that Defendants have actual knowledge of the '789, '092, and '244 patents as a result of licensing negotiations with STMicroelectronics, Inc. ("STMicro, Inc."). Defendants further admit that the filing of a claim for patent infringement constitutes notice under 35 U.S.C. § 287, but otherwise deny the allegations in paragraph 32 of the First Amended Complaint, including any implication of infringement based upon the wording thereof.

### Answer to Count I

33. Incorporate by reference paragraphs 25 through 32 above in response to paragraph 33 of the First Amended Complaint.

34. Deny that Defendants have infringed, contributorily infringed, and/or induced infringement of any valid and/or enforceable claim of the '789 patent, including Claims 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, or 28 of the '789 patent. Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 28 of the '789 patent are not at issue in this lawsuit.

35. Deny the allegations of paragraph 35 of the First Amended Complaint.

36. Deny the allegations of paragraph 36 of the First Amended Complaint.

### Answer to Count II

37. Incorporate by reference paragraphs 25 through 32 above in response to paragraph 37 of the First Amended Complaint.

38. Deny that Defendants have infringed, contributorily infringed, and/or induced infringement of any valid and/or enforceable claim of the '092 patent, including Claims 1, 6, 10, 11, 12, 23, 24, or 25 of the '092 patent. Pursuant to the Court's Memorandum

Opinion and Order of March 10, 2004, claims 1, 6, 10, 11, 12, 24 or 25 of the '092 patent are not at issue in this lawsuit.

39. Deny the allegations of paragraph 39 of the First Amended Complaint.

40. Deny the allegations of paragraph 40 of the First Amended Complaint.

## Answer to Count III

41. Incorporate by reference paragraphs 25 through 32 above in response to paragraph 41 of the First Amended Complaint.

42. Deny that Defendants have infringed, contributorily infringed, and/or induced infringement of any valid and/or enforceable claim of the '244 patent, including Claims 1, 13, 14 or 15 of the '244 patent.

43. Deny the allegations of paragraph 43 of the First Amended Complaint.

44. Deny the allegations of paragraph 44 of the First Amended Complaint.

## Demand for Jury

45. Admit that STMicro, Inc. has requested a jury trial.

## Defendants' Amended Affirmative Defenses

1. Defendants do not infringe any valid and/or enforceable claim of the '789, '092, or '244 patents ("the STM Patents").

2. Plaintiff is estopped from construing any valid and enforceable claim of the STM Patents to cover or include, either literally or by application of the doctrine of equivalents, any method or product manufactured, used, imported, sold, or offered for sale by Defendants because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the STM Patents, because of disclosure or language in the specifications and/or limitations in the claims of the STM Patents.

DLI-5863873v2

3. Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the STM Patents under the doctrine of equivalents.

4. The STM Patents are unenforceable and/or are invalid or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112. With respect to the '780 patent, Motorola has learned the following:

    A. The '789 patent was procured through material misrepresentations to the United States Patent and Trademark Office made by either the named inventors, the prosecuting attorneys and/or their assigns.

    B. The material misrepresentations made by either the named inventors, the prosecuting attorneys and/or their assigns were the mischaracterization of the design, architecture and operation of the STi 3520 and STi 3520a device in Figure 1b of the '789 patent and a failure on their part to submit data sheets or other documents to the United States Patent and Trademark Office that described the architecture, design and operation of the STi 3520 or STi 3520a devices.

    C. Data sheets and other documents describing the architecture, design and operation of the STi 3520 and STi 3520a were known to either the named inventors, the prosecuting attorneys and/or their assigns. In addition, data sheets and other documents describing the architecture, design and operation of the STi 3500 and STi 3500a, which are similar and related to the STi 3520 and

          STi 3520a, were also known to either the named inventors, the prosecuting attorneys and/or their assigns. Despite their existence and availability, no data sheets or documents describing the architecture, design and operation of the STi 3520, STi 3520a, STi 3500, or STi 3500a were provided to the United States Patent and Trademark Office. The omission of these data sheets or documents was material and intended to mislead. Without these data sheets or documents, the United States Patent and Trademark Office was unable to determine the state of the prior art.

    D.    As a result, the '789 patent is unenforceable due to the material misrepresentations and/or omissions described above.

5. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

6. STMicro, Inc.'s claims are barred by license. Further, with respect to the '789 patent, ST Micro, Inc.'s claims are barred by the doctrine of patent exhaustion and license.

7. With respect to one or more of the STM patents, STMicro, Inc.'s claims are barred by the doctrines of estoppel, laches, and/or acquiescence.

## AMENDED COUNTERCLAIMS OF MOTOROLA AND FREESCALE

Motorola and Freescale ("Counterclaim-Plaintiffs") counterclaim against Plaintiff as follows:

1. Motorola is a Delaware corporation having a principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196. Motorola,

   through its subsidiaries, markets and sells semiconductor products throughout the United States, including within this District.

2.  Freescale is a Delaware corporation having a principal place of business at 6501 William Cannon Drive, Austin, Texas 78737. Freescale is a subsidiary of Motorola and markets and sells semiconductor products throughout the United States, including in this District.

3.  On information and belief, Plaintiff STMicroelectronics, Inc. ("STMicro, Inc.") is a corporation organized under the laws of the State of Delaware with one of its principal places of business at 1310 Electronics Dr., Carrollton, Texas, 75006. STMicro, Inc. markets and sells semiconductor products throughout the United States, including within this District. STMicro, Inc. has appeared in this case and is before the Court for all purposes.

4.  On information and belief, STMicroelectronics N.V. ("STMicro N.V.") is a corporation organized under the laws of The Netherlands with its principal place of business at 39, Chemin du Champ-des-Filles, 1228 Plan-les-Ouates, Geneva, Switzerland. STMicro, Inc. is a wholly-owned subsidiary of STMicro, N.V. (collectively "STMicro"). STMicro N.V., through its U.S. sales offices and distributors, markets and sells semiconductor products throughout the United States, including within this District. STMicro N.V. has appeared herein and is before the Court for all purposes.

DLI-5863873v2

5. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 as it arises under an Act of Congress relating to patents.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400.

### Declaratory Judgment for Invalidity and Non-infringement of United States Patents No. 5,812,789

7. United States Patent No. 5,812,789 ("the '789 patent") was issued by the United States Patent and Trademark Office on September 22, 1998. STMicro, Inc. claims to own all rights in and to the '789 patent.

8. STMicro has asserted that certain products or acts by Counterclaim-Plaintiffs infringe the '789 patent.

9. An actual controversy exists between Counterclaim-Plaintiffs and STMicro regarding the validity and infringement of the '789 patent.

10. Making, using, selling or offering for sale any products of Counterclaim-Plaintiffs has not and does not infringe any valid and/or enforceable claim of the '789 patent. Furthermore, Counterclaim-Plaintiffs have not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '789 patent, nor are they directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '789 patent.

11. The '789 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

### Declaratory Judgment for Invalidity and
### Non-infringement of United States Patents No. 5,031,092

12. United States Patent No. 5,031,092 ("the '092 patent") was issued by the United States Patent and Trademark Office on July 9, 1991. STMicro, Inc. claims to own all rights in and to the '092 patent.

13. STMicro has asserted that certain products or acts by Counterclaim-Plaintiffs infringe the '092 patent.

14. An actual controversy exists between Counterclaim-Plaintiffs and STMicro regarding the validity and infringement of the '092 patent.

15. Making, using, selling or offering for sale any products of Counterclaim-Plaintiffs has not and does not infringe any valid and/or enforceable claim of the '092 patent. Furthermore, Counterclaim-Plaintiffs have not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '092 patent, nor are they directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '092 patent.

16. The '092 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

### Declaratory Judgment for Invalidity and
### Non-infringement of United States Patents No. 5,359,244

17. United States Patent No. 5,359,244 ("the '244 patent") was issued by the United States Patent and Trademark Office on October 25, 1994. STMicro, Inc. claims to own all rights in and to the '244 patent.

18. STMicro has asserted that certain products or acts by Counterclaim-Plaintiffs infringe the '244 patent.

19. An actual controversy exists between Counterclaim-Plaintiffs and STMicro regarding the validity and infringement of the '244 patent.

20. Making, using, selling or offering for sale any products of Counterclaim-Plaintiffs has not and does not infringe any valid and/or enforceable claim of the '244 patent.  Furthermore, Counterclaim-Plaintiffs have not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '244 patent, nor are they directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '244 patent.

21. The '244 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

**Declaratory Judgment for Unenforceability of United States Patent No. 5,812,789**

22. United States Patent No. 5,812,789 ("the '789 patent") was issued by the United States Patent and Trademark Office on September 22, 1998. STMicro, Inc. claims to own all rights in and to the '789 patent.

23. The '789 patent was procured through material misrepresentations to the United States Patent and Trademark Office made by either the named inventors, the prosecuting attorneys and/or their assigns.

24. The material misrepresentations made by either the named inventors, the prosecuting attorneys and/or their assigns were the mischaracterization of the design, architecture and operation of the STi 3520 and STi 3520a device in Figure 1b of the '789 patent and a failure on their part to submit data sheets or other documents to the United States Patent and Trademark Office that described the architecture, design and operation of the STi 3520 or STi 3520a devices.

25. Data sheets and other documents describing the architecture, design and operation of the STi 3520 and STi 3520a were known to either the named inventors, the prosecuting attorneys and/or their assigns. In addition, data sheets and other documents describing the architecture, design and operation of the STi 3500 and STi 3500a, which are similar and related to the STi 3520 and STi 3520a, were also known to either the named inventors, the prosecuting attorneys and/or their assigns. Despite their existence and availability, no data sheets or documents describing the architecture, design and operation of the STi 3520, STi 3520a, STi 3500, or STi 3500a were provided to the United States Patent and Trademark Office. The omission of these data sheets or documents was material and intended to mislead. Without these data sheets or documents, the United States Patent and Trademark Office was unable to determine the state of the prior art.

26. The '789 patent is unenforceable due to the material misrepresentations and/or omissions described above.

## REPLY TO COUNTERCLAIMS OF ST MICRO., INC.

Defendants, Motorola, Inc. ("Motorola") and Freescale Semiconductor, Inc. ("Freescale") (collectively, "Defendants"), for their Reply to STMicrolectronics, Inc.'s ("ST Micro., Inc.") Counterclaims for Declaratory Relief ("Counterclaims"), as stated in STMicroelectronics, Inc.'s Reply to Defendants' Second Amended Answer and Counterclaims, state as follows:

### COUNTERCLAIMS

1.      Upon information and belief, Defendants admit the allegations contained in paragraph 53 of ST Micro., Inc.'s Counterclaims.

2.      Defendants admit the allegations contained in paragraph 54 of ST Micro., Inc.'s Counterclaims.

3.      Defendants admit the allegations contained in paragraph 55 of ST Micro., Inc.'s Counterclaims.

4.      Defendants admit the allegations contained in paragraph 56 of ST Micro., Inc.'s Counterclaims.

5.      Defendants admit the allegations contained in paragraph 57 of ST Micro., Inc.'s Counterclaims.

### DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGMENT OF U.S. PATENT NO. 5,155,563

6.      Defendants admit the allegations contained in paragraph 58 of ST Micro., Inc.'s Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,155,563 (the '563 patent) before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '563 patent.

7. Defendants admit the allegations contained in paragraph 59 of ST Micro., Inc.'s Counterclaims.

8. Defendants admit the allegations contained in paragraph 60 of ST Micro., Inc.'s Counterclaims pertaining to the existence of actual controversy as to ST Micro., Inc.'s infringement of the '563 patent, and as to validity of said patent.

9. Defendants deny the allegations contained in paragraph 61 of ST Micro., Inc.'s Counterclaims.

10. Defendants deny the allegations contained in paragraph 62 of ST Micro., Inc.'s Counterclaims.

## DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGMENT OF U.S. PATENT NO. 5,084,814

11. Defendants admit the allegations contained in paragraph 63 of ST Micro., Inc.'s Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,084,814 ("the '814 patent") before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '814 patent.

12. Defendants admit the allegations contained in paragraph 64 of ST Micro., Inc.'s Counterclaims.

13. Defendants admit the allegations contained in paragraph 65 of ST Micro., Inc.'s Counterclaims pertaining to the existence of actual controversy as to ST Micro., Inc.'s infringement of the '814 patent, and as to validity of said patent.

14. Defendants deny the allegations contained in paragraph 66 of ST Micro., Inc.'s Counterclaims.

15. Defendants deny the allegations contained in paragraph 67 of ST Micro., Inc.'s Counterclaims.

### DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGMENT OF U.S. PATENT NO. 5,776,798

16. Defendants admit the allegations contained in paragraph 68 of ST Micro., Inc.'s Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,776,798 ("the '798 patent") before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '798 patent.

17. Defendants admit the allegations contained in paragraph 69 of ST Micro., Inc.'s Counterclaims.

18. Defendants admit the allegations contained in paragraph 70 of ST Micro., Inc.'s Counterclaims pertaining to the existence of actual controversy as to ST Micro., Inc.'s infringement of the '798 patent, and as to validity of said patent.

19. Defendants deny the allegations contained in paragraph 71 of ST Micro., Inc.'s Counterclaims.

20. Defendants deny the allegations contained in paragraph 72 of ST Micro., Inc.'s Counterclaims.

### DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGMENT OF U.S. PATENT NO. 4,548,654

21. Defendants admit the allegations contained in paragraph 73 of ST Micro., Inc.'s Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 4,548,654 ("the '654 patent") before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '654 patent.

22.     Defendants admit the allegations contained in paragraph 74 of ST Micro., Inc.'s Counterclaims.

23.     Defendants admit the allegations contained in paragraph 75 of ST Micro., Inc.'s Counterclaims pertaining to the existence of actual controversy as to ST Micro., Inc.'s infringement of the '654 patent, and as to validity of said patent.

24.     Defendants deny the allegations contained in paragraph 76 of ST Micro., Inc.'s Counterclaims.

25.     Defendants deny the allegations contained in paragraph 77 of ST Micro., Inc.'s Counterclaims.

26.     Defendants deny the allegations contained in paragraph 78 of ST Micro., Inc.'s Counterclaims.

**WHEREFORE,** Counterclaim-Plaintiffs pray for a judgment against STMicro as follows:

      A.     That STMicro, Inc. takes nothing by its First Amended Complaint and/or counterclaims in this action;

      B.     That the Court enter judgment against STMicro, Inc. and in favor of Counterclaim-Plaintiffs and that STMicro, Inc.'s First Amended Complaint and/or counterclaims in this action be dismissed with prejudice;

      C.     That the Court decline to enter a declaratory judgment in favor of STMicro, Inc that the claims of the '563, '814, '798, or '654 patents are invalid and/or void;

D.  That the Court decline to enter a declaratory judgment in favor of STMicro, Inc. that STMicro, Inc. has not and does not infringe the '563, '814, '798 or '654 patents;

E.  That the Court enter a declaratory judgment that the claims of the STM Patents are invalid and/or void;

F.  That the Court enter a declaratory judgment that Counterclaim-Plaintiffs have not and do not infringe any of the STM Patents;

G.  That the Court enter a declaratory judgment that the '789 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office;

H.  Adjudge that the Counterclaim-Defendants are infringing the '563, '814, '798 or '654 patents;

I.  Adjudge that the Counterclaim-Defendants' infringement of the '563, '814, '798 or '654 patents was willful, and that Counterclaim-Defendants' continued infringement of the '563, '814, '798 or '654 patents is willful;

J.  Enter an order preliminarily and permanently enjoining the Counterclaim-Defendants from any further acts of infringement of the '563, '814, or '798 patents;

K.  Award Counterclaim-Plaintiffs damages in an amount adequate to compensate Counterclaim-Plaintiffs for the Counterclaim-Defendants' infringement of the '563, '814, '798 or '654 patents,

DLI-5863873v2

        but in no event less than a reasonable royalty under 35 U.S.C. § 284;

L.    Enter an order trebling any and all damages awarded to Counterclaim-Plaintiffs by reason of the Counterclaim-Defendants' willful infringement of the '563, '814, '798 or '654 patents, pursuant to 35 U.S.C. § 284;

M.   Enter an order awarding Counterclaim-Plaintiffs interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

N.   That the Court declare this an exceptional case and award Counterclaim-Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

O.   That the Court award Counterclaim-Plaintiffs such other and further relief as the Court may deem just and proper.

Dated:  August 12, 2004

        Respectfully submitted,

        */s/ Michael Smith*
        _____
        Kenneth R. Adamo, Esq.
        kradamo@jonesday.com
        State Bar No. 00846960
        Attorney-in-Charge
        Hilda C. Galvan, Esq.
        hcgalvan@jonesday.com
        State Bar No. 00787512
        JONES DAY
        2727 North Harwood Street
        Dallas, Texas  75201
        Telephone: 214/220-3939
        Facsimile:  214/969-5100

|  |  |
|---|---|
|  | Carl R. Roth, Esq.<br>cr@rothfirm.com<br>State Bar No. 17312000<br>Michael Smith, Esq.<br>ms@rothfirm.com<br>State Bar No. 18650410<br>THE ROTH LAW FIRM<br>115 N. Wellington, Suite 200<br>Marshall, Texas 75670<br>Telephone:  903-935-1665<br>Facsimile:  903-935-1797 |
| **OF COUNSEL:**<br>John Torres, Esq.<br>john.torres@motorola.com<br>State Bar No. 24033510<br>Ann Chilton, Esq.<br>ann.chilton@motorola.com<br>State Bar No. 00793424<br>Motorola, Inc.<br>7700 West Parmer Lane<br>Austin, TX 78729<br>Telephone:  512-996-6573<br>Facsimile:  512-996-7697 | **ATTORNEYS FOR DEFENDANTS<br>MOTOROLA, INC. AND<br>FREESCALE SEMICONDUCTOR, INC.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and first class mail.

_/s/ Michael Smith_