IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:03-CV-276 |
| | § | |
| v. | § | Judge Leonard E. Davis |
| | § | |
| MOTOROLA, INC., and | § | Jury Trial Demanded |
| FREESCALE SEMICONDUCTOR, INC. | § | |
| | § | |
| Defendants and | § | |
| Counterclaim | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| STMICROELECTRONICS, N.V., and | § | |
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Counterclaim | § | |
| Defendants | § | |

## FOURTH AMENDED ANSWER AND COUNTERCLAIMS AND REPLY TO ST MICRO., INC.'S COUNTERCLAIMS

Defendants Motorola, Inc. ("Motorola") and Freescale Semiconductor, Inc. ("Freescale")

(collectively "Defendants" and/or "Counterclaim-Plaintiffs") for their Fourth Amended Answer

to Plaintiff's First Amended Complaint state as follows:

### Parties

1.        Admit the allegations of paragraph 1 of the First Amended Complaint.

2.        Admit the allegations of paragraph 2 of the First Amended Complaint.

### Jurisdiction and Venue

3.        Admit that the First Amended Complaint purports to allege an action for patent

infringement. Admit that the Court has subject matter jurisdiction.

4.        Admit that venue properly lies within this judicial district.

**Declaratory Judgment for Invalidity and Non-Infringement
of U.S. Patent No. 5,155,563**

5.        Admit the allegations of paragraph 5, except that Defendants state that the '563

patent was transferred by Motorola to Freescale effective April 4, 2004.

6.        Admit the allegations of paragraph 6.

7.        Admit the allegations of paragraph 7.

8.        Deny the allegations of paragraph 8.

9.        Deny the allegations of paragraph 9.

**Declaratory Judgment for Invalidity and Non-Infringement
of U.S. Patent No. 5,084,814**

10.       Admit the allegations of paragraph 10, except that Defendants state that the '814

patent was transferred by Motorola to Freescale effective April 4, 2004.

11.       Admit the allegations of paragraph 11.

12.       Admit the allegations of paragraph 12.

13.       Deny the allegations of paragraph 13.

14.       Deny the allegations of paragraph 14.

**Declaratory Judgment for Invalidity and Non-Infringement
of U.S. Patent No. 5,776,798**

15.       Admit the allegations of paragraph 15, except that Defendants state that the '798

patent was transferred by Motorola to Freescale effective April 4, 2004.

16.       Admit the allegations of paragraph 16.

17.       Admit the allegations of paragraph 17.

18.       Deny the allegations of paragraph 18.

19.       Deny the allegations of paragraph 19.

## Declaratory Judgment for Invalidity and Non-Infringement
## of U.S. Patent No. 4,548,654

20.     Admit the allegations of paragraph 20, except that Defendants state that the '654

patent was transferred by Motorola to Freescale effective April 4, 2004.

21.     Admit the allegations of paragraph 21.

22.     Admit the allegations of paragraph 22.

23.     Deny the allegations of paragraph 23.

24.     Deny the allegations of paragraph 24.

## The Patents

25.     Admit that U.S. Patent No. 5,812,789 ("the '789 patent") issued on September 22,

1998, is entitled "Video and/or Audio Decompression and/or Compression Device That

Shares a Memory Interface," and lists Raul Zegers Diaz and Jefferson Eugene Owen as

the named inventors thereof; avers that the '789 patent was not "duly and legally issued;"

and otherwise deny the remaining allegations of paragraph 25 of the First Amended

Complaint.

26.     Admit that U.S. Patent No. 5,031,092 ("the '092 patent") issued on July 9, 1991,

is entitled "Microcomputer with High Density RAM in Separate Isolation Well on Single

Chip," and lists Jonathan Edwards, David L. Waller, and Michael D. May as the named

inventors thereof; avers that the '092 patent was not "duly and legally issued;" and

otherwise deny the remaining allegations of paragraph 26 of the First Amended

Complaint.

27.     Admit that U.S. Patent No. 5,359,244 ("the '244 patent") issued on October 25,

1994, is entitled "Gate Drive Circuit for a MOS Power Transistor," and lists Thomas L.

R. Hopkins as the named inventor thereof; avers that the '244 patent was not "duly and

legally issued;" and otherwise deny the remaining allegations of paragraph 27 of the First Amended Complaint.

28.        Lack knowledge sufficient to confirm or deny the allegations of paragraph 28 of the First Amended Complaint and, therefore, deny the same.

### Background

29.        Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '789 patent, including Claims 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 or 28 of the '789 patent, and deny that Defendants have induced and/or contributed to such activities by others.  Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 28 of the '789 patent are not at issue in this lawsuit.

30.        Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '092 patent, including Claims 1, 6, 10, 11, 12, 23, 24 or 25 of the '092 patent, and deny that Defendants have induced and/or contributed to such activities by others.  Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 1, 6, 10, 11, 12, 24 or 25 of the '092 patent are not at issue in this lawsuit.

31.        Deny that Defendants have imported into the United States and/or made, used, sold, and/or offered for sale in the United States, products covered by valid and/or enforceable claims of the '244 patent, including Claims 1, 13, 14 or 15 of the '244 patent, and deny that Defendants have induced and/or contributed to such activities by others.

32.         Admit only that Defendants have actual knowledge of the '789, '092, and '244

patents as a result of licensing negotiations with STMicroelectronics, Inc. ("STMicro,

Inc."). Defendants further admit that the filing of a claim for patent infringement

constitutes notice under 35 U.S.C. § 287, but otherwise deny the allegations in paragraph

32 of the First Amended Complaint, including any implication of infringement based

upon the wording thereof.

**Answer to Count I**

33.         Incorporate by reference paragraphs 25 through 32 above in response to

paragraph 33 of the First Amended Complaint.

34.         Deny that Defendants have infringed, contributorily infringed, and/or induced

infringement of any valid and/or enforceable claim of the '789 patent, including Claims

1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, or 28 of the '789 patent.

Pursuant to the Court's Memorandum Opinion and Order of March 10, 2004, claims 2, 3,

4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 28 of the '789 patent are not at

issue in this lawsuit.

35.         Deny the allegations of paragraph 35 of the First Amended Complaint.

36.         Deny the allegations of paragraph 36 of the First Amended Complaint.

**Answer to Count II**

37.         Incorporate by reference paragraphs 25 through 32 above in response to

paragraph 37 of the First Amended Complaint.

38.         Deny that Defendants have infringed, contributorily infringed, and/or induced

infringement of any valid and/or enforceable claim of the '092 patent, including Claims

1, 6, 10, 11, 12, 23, 24, or 25 of the '092 patent. Pursuant to the Court's Memorandum

Opinion and Order of March 10, 2004, claims 1, 6, 10, 11, 12, 24 or 25 of the '092 patent are not at issue in this lawsuit.

39.        Deny the allegations of paragraph 39 of the First Amended Complaint.

40.        Deny the allegations of paragraph 40 of the First Amended Complaint.

**Answer to Count III**

41.        Incorporate by reference paragraphs 25 through 32 above in response to paragraph 41 of the First Amended Complaint.

42.        Deny that Defendants have infringed, contributorily infringed, and/or induced infringement of any valid and/or enforceable claim of the '244 patent, including Claims 1, 13, 14 or 15 of the '244 patent.

43.        Deny the allegations of paragraph 43 of the First Amended Complaint.

44.        Deny the allegations of paragraph 44 of the First Amended Complaint.

**Demand for Jury**

45.        Admit that STMicro, Inc. has requested a jury trial.

**Defendants' Amended Affirmative Defenses**

1.        Defendants do not infringe any valid and/or enforceable claim of the '789, '092, or '244 patents ("the STM Patents").

2.        Plaintiff is estopped from construing any valid and enforceable claim of the STM Patents to cover or include, either literally or by application of the doctrine of equivalents, any method or product manufactured, used, imported, sold, or offered for sale by Defendants because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the STM Patents, because of disclosure or language in the specifications and/or limitations in the claims of the STM Patents.

3.      Plaintiff is estopped by reason of prosecution history estoppel from asserting

infringement of the STM Patents under the doctrine of equivalents.

4.      The STM Patents are unenforceable and/or are invalid or void for failing to satisfy

the conditions of patentability set forth in Part II of Title 35 of the United States

Code, including, for example, sections 102, 103, and 112.  With respect to the

'780 patent, Motorola has learned the following:

A.      The '789 patent was procured through material misrepresentations

to the United States Patent and Trademark Office made by either

the named inventors, the prosecuting attorneys and/or their assigns.

B.      The material misrepresentations made by either the named

inventors, the prosecuting attorneys and/or their assigns were the

mischaracterization of the design, architecture and operation of the

STi 3520 and STi 3520a device in Figure 1b of the '789 patent and

a failure on their part to submit data sheets or other documents to

the United States Patent and Trademark Office that described the

architecture, design and operation of the STi 3520 or STi 3520a

devices.

C.      Data sheets and other documents describing the architecture,

design and operation of the STi 3520 and STi 3520a were known

to either the named inventors, the prosecuting attorneys and/or

their assigns.  In addition, data sheets and other documents

describing the architecture, design and operation of the STi 3500

and STi 3500a, which are similar and related to the STi 3520 and

STi 3520a, were also known to either the named inventors, the

prosecuting attorneys and/or their assigns.  Despite their existence

and availability, no data sheets or documents describing the

architecture, design and operation of the STi 3520, STi 3520a, STi

3500, or STi 3500a were provided to the United States Patent and

Trademark Office.  The omission of these data sheets or

documents was material and intended to mislead.  Without these

data sheets or documents, the United States Patent and Trademark

Office was unable to determine the state of the prior art.

     D.     As a result, the '789 patent is unenforceable due to the material

misrepresentations and/or omissions described above.

5.     Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not

immediate or irreparable, and Plaintiff has an adequate remedy at law.

6.     STMicro, Inc.'s claims are barred by license.  Further, with respect to the '789

patent, ST Micro, Inc.'s claims are barred by the doctrine of patent exhaustion and

license.

7.     With respect to one or more of the STM patents, STMicro, Inc.'s claims are

barred by the doctrines of estoppel, laches, and/or acquiescence.

**AMENDED COUNTERCLAIMS OF MOTOROLA AND FREESCALE**

Motorola and Freescale ("Counterclaim-Plaintiffs") counterclaim against Plaintiff as

follows:

1.     Motorola is a Delaware corporation having a principal place of business at

1303 East Algonquin Road, Schaumburg, Illinois 60196.  Motorola,

through its subsidiaries, markets and sells semiconductor products throughout the United States, including within this District.

2.     Freescale is a Delaware corporation having a principal place of business at 6501 William Cannon Drive, Austin, Texas 78737.  Freescale is a subsidiary of Motorola and markets and sells semiconductor products throughout the United States, including in this District.

3.     On information and belief, Plaintiff STMicroelectronics, Inc. ("STMicro, Inc.") is a corporation organized under the laws of the State of Delaware with one of its principal places of business at 1310 Electronics Dr., Carrollton, Texas, 75006.  STMicro, Inc. markets and sells semiconductor products throughout the United States, including within this District. STMicro, Inc. has appeared in this case and is before the Court for all purposes.

4.     On information and belief, STMicroelectronics N.V. ("STMicro N.V.") is a corporation organized under the laws of The Netherlands with its principal place of business at 39, Chemin du Champ-des-Filles, 1228 Plan-les-Ouates, Geneva, Switzerland.  STMicro, Inc. is a wholly-owned subsidiary of STMicro, N.V. (collectively "STMicro").  STMicro N.V., through its U.S. sales offices and distributors, markets and sells semiconductor products throughout the United States, including within this District.  STMicro N.V. has appeared herein and is before the Court for all purposes.

5.      This Court has subject matter jurisdiction over this Counterclaim pursuant
to 28 U.S.C. §§ 1331, 1338, and 2201 as it arises under an Act of
Congress relating to patents.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400.

### Declaratory Judgment for Invalidity and
### Non-infringement of United States Patents No. 5,812,789

7.      United States Patent No. 5,812,789 ("the '789 patent") was issued by the
United States Patent and Trademark Office on September 22, 1998.
STMicro, Inc. claims to own all rights in and to the '789 patent.

8.      STMicro has asserted that certain products or acts by Counterclaim-
Plaintiffs infringe the '789 patent.

9.      An actual controversy exists between Counterclaim-Plaintiffs and
STMicro regarding the validity and infringement of the '789 patent.

10.     Making, using, selling or offering for sale any products of Counterclaim-
Plaintiffs has not and does not infringe any valid and/or enforceable claim
of the '789 patent.  Furthermore, Counterclaim-Plaintiffs have not directly
infringed, contributed to infringement, or induced infringement of any
valid and/or enforceable claim of the '789 patent, nor are they directly
infringing, contributing to infringement, or inducing infringement of any
valid and/or enforceable claim of the '789 patent.

11.     The '789 patent is unenforceable and is invalid and/or void for failing to
satisfy the conditions of patentability set forth in Part II of Title 35 of the
United States Code, including, for example, sections 102, 103, and 112
thereof.

**Declaratory Judgment for Invalidity and
Non-infringement of United States Patents No. 5,031,092**

12.     United States Patent No. 5,031,092 ("the '092 patent") was issued by the

United States Patent and Trademark Office on July 9, 1991.  STMicro,

Inc. claims to own all rights in and to the '092 patent.

13.     STMicro has asserted that certain products or acts by Counterclaim-

Plaintiffs infringe the '092 patent.

14.     An actual controversy exists between Counterclaim-Plaintiffs and

STMicro regarding the validity and infringement of the '092 patent.

15.     Making, using, selling or offering for sale any products of Counterclaim-

Plaintiffs has not and does not infringe any valid and/or enforceable claim

of the '092 patent.  Furthermore, Counterclaim-Plaintiffs have not directly

infringed, contributed to infringement, or induced infringement of any

valid and/or enforceable claim of the '092 patent, nor are they directly

infringing, contributing to infringement, or inducing infringement of any

valid and/or enforceable claim of the '092 patent.

16.     The '092 patent is unenforceable and is invalid and/or void for failing to

satisfy the conditions of patentability set forth in Part II of Title 35 of the

United States Code, including, for example, sections 102, 103, and 112

thereof.

**Declaratory Judgment for Invalidity and
Non-infringement of United States Patents No. 5,359,244**

17.     United States Patent No. 5,359,244 ("the '244 patent") was issued by the

United States Patent and Trademark Office on October 25, 1994.

STMicro, Inc. claims to own all rights in and to the '244 patent.

DLI-5870476v1

18.     STMicro has asserted that certain products or acts by Counterclaim-Plaintiffs infringe the '244 patent.

19.     An actual controversy exists between Counterclaim-Plaintiffs and STMicro regarding the validity and infringement of the '244 patent.

20.     Making, using, selling or offering for sale any products of Counterclaim-Plaintiffs has not and does not infringe any valid and/or enforceable claim of the '244 patent.  Furthermore, Counterclaim-Plaintiffs have not directly infringed, contributed to infringement, or induced infringement of any valid and/or enforceable claim of the '244 patent, nor are they directly infringing, contributing to infringement, or inducing infringement of any valid and/or enforceable claim of the '244 patent.

21.     The '244 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112 thereof.

**Declaratory Judgment for Unenforceability of United States Patent No. 5,812,789**

22.     United States Patent No. 5,812,789 ("the '789 patent") was issued by the United States Patent and Trademark Office on September 22, 1998. STMicro, Inc. claims to own all rights in and to the '789 patent.

23.     The '789 patent was procured through material misrepresentations to the United States Patent and Trademark Office made by either the named inventors, the prosecuting attorneys and/or their assigns.

24.     The material misrepresentations made by either the named inventors, the prosecuting attorneys and/or their assigns were the mischaracterization of the design, architecture and operation of the STi 3520 and STi 3520a device in Figure 1b of the '789 patent and a failure on their part to submit data sheets or other documents to the United States Patent and Trademark Office that described the architecture, design and operation of the STi 3520 or STi 3520a devices.

25.     Data sheets and other documents describing the architecture, design and operation of the STi 3520 and STi 3520a were known to either the named inventors, the prosecuting attorneys and/or their assigns.  In addition, data sheets and other documents describing the architecture, design and operation of the STi 3500 and STi 3500a, which are similar and related to the STi 3520 and STi 3520a, were also known to either the named inventors, the prosecuting attorneys and/or their assigns.  Despite their existence and availability, no data sheets or documents describing the architecture, design and operation of the STi 3520, STi 3520a, STi 3500, or STi 3500a were provided to the United States Patent and Trademark Office.  The omission of these data sheets or documents was material and intended to mislead.  Without these data sheets or documents, the United States Patent and Trademark Office was unable to determine the state of the prior art.

26.     The '789 patent is unenforceable due to the material misrepresentations and/or omissions described above.

**Patent Infringement**

**The Patents**

27.     United States Patent No. 5,155,563, invented by Robert B. Davies, Robert

J. Johnson and Francine Y. Robb, entitled "Semiconductor Device Having

Low Source Inductance" (the "Davies Patent"), was duly and legally

issued by the United States Patent and Trademark Office on October 13,

1992.  A copy of the Davies Patent is attached hereto as Exhibit A.

28.     United States Patent No. 4,548,654, invented by Philip J. Tobin, entitled

"Surface Denuding of Silicon Wafter" (the "Tobin Patent"), was duly and

legally issued by the United States Patent and Trademark Office on

October 22, 1985.  A copy of the Tobin Patent is attached hereto as

Exhibit B.

29.     United States Patent Number 5,776,798, invented by Son Ky Quan,

Samuel L. Coffman, Bruce Reid, Keith E. Nelson, and Deborah A. Hagan,

entitled "Semiconductor Package and Method Thereof" (The "Quan

Patent"), was duly and legally issued by the United States Patent and

Trademark Office on July 7, 1998.  A copy of the Quan patent is attached

hereto as Exhibit C.

30.     United States Patent No. 5,084,814, invented by John J. Vaglica, Jay A.

Hartvigsen and Rand L. Gray, entitled "Data Processor With Development

Support Features" (the "Vaglica Patent"), was duly and legally issued by

the United States Patent and Trademark Office on January 28, 1992.  A

copy of the Vaglica patent is attached hereto as Exhibit D.

31.     Before April 4, 2004, Motorola was the owner of all rights, title and interest in and to the Davies, Tobin, Quan and Vaglica Patents (the "Motorola Patents").  From April 4, 2004 to the present, Freescale has owned, and continues to own, all rights, title and interest in and to the Motorola Patents.

### Background

32.     The Motorola Patents cover inventions relating to semiconductor processing, packaging and chip design.

33.     The Counterclaim-Defendants have made, used, imported into the United States, sold and/or offered for sale in the United States, or have intended that others make, use, import into, offer for sale, or sell in the United States, products covered by the Motorola Patents and/or products made using the methods claimed in the Motorola Patents.

34.     The Counterclaim-Defendants have had actual and/or constructive notice and knowledge of the Motorola Patents.  The filing of this Counterclaim also constitutes notice in accordance with 35 U.S.C. § 287.  Despite such notice, the Counterclaim-Defendants continue to import, sell and/or offer for sale in the United States products covered by the Motorola Patents and products made by the methods claimed in the Motorola Patents.

### Count I

35.     Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 27-34.

36.     On information and belief the Counterclaim-Defendants have infringed and/or induced the infringement of and/or contributed to the infringement

of the Davies Patent by making, using, importing into, offering for sale, or selling in the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of the Davies Patent.

37.     On information and belief, the Counterclaim-Defendants' infringement of the Davies Patent has been willful.  The Counterclaim-Defendants' continued infringement of the Davies Patent has damaged and will continue to damage Counterclaim-Plaintiffs.

38.     On information and belief the Counterclaim-Defendants' infringement of the Davies Patent has caused and will continue to cause Counterclaim-Plaintiffs irreparable harm unless enjoined by the Court.  Counterclaim-Plaintiffs have no adequate remedy at law.

## Count II

39.     Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 27-34.

40.     On information and belief, the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Tobin Patent by making, using, importing into, offering for sale, or selling in the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of and/or were made using the methods claimed in the Tobin Patent.

DLI-5870476v1

41.     On information and belief, the Counterclaim-Defendants' infringement of the Tobin Patent has been willful.  The Counterclaim-Defendants' infringement of the Tobin Patent has damaged Counterclaim-Plaintiffs.

**Count III**

42.     Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 27-34.

43.     On information and belief, the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Quan Patent by making, using, importing into, offering for sale, or selling in the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of, and/or were made using the methods claimed in, the Quan Patent.

44.     On information and belief, the Counterclaim-Defendants' infringement of the Quan Patent has been willful.  The Counterclaim-Defendants' continued infringement of the Quan Patent has damaged and will continue to damage Counterclaim-Plaintiffs.

45.     On information and belief the Counterclaim-Defendants' infringement of the Quan Patent has caused and will continue to cause Counterclaim-Plaintiffs irreparable harm unless enjoined by the Court. Counterclaim-Plaintiffs have no adequate remedy at law.

**Count IV**

46.     Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 27-34.

47.     On information and belief the Counterclaim-Defendants have infringed and/or induced infringement of and/or contributed to the infringement of the Vaglica Patent by making, using, importing into, offering for sale, or selling in the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of the Vaglica Patent.

48.     On information and belief, the Counterclaim-Defendants' infringement of the Vaglica Patent has been willful.  The Counterclaim-Defendants' continued infringement of the Vaglica Patent has damaged and will continue to damage Counterclaim-Plaintiffs.

49.     On information and belief the Counterclaim-Defendants' infringement of the Vaglica Patent has caused and will continue to cause Counterclaim-Plaintiffs irreparable harm unless enjoined by the Court.  Counterclaim-Plaintiffs have no adequate remedy at law.

## REPLY TO COUNTERCLAIMS OF ST MICRO., INC.

Defendants, Motorola, Inc. ("Motorola") and Freescale Semiconductor, Inc. ("Freescale") (collectively, "Defendants"), for their Reply to STMicrolectronics, Inc.'s ("ST Micro., Inc.") Counterclaims for Declaratory Relief ("Counterclaims"), as stated in STMicroelectronics, Inc.'s Reply to Defendants' Second Amended Answer and Counterclaims, state as follows:

## COUNTERCLAIMS

1.      Upon information and belief, Defendants admit the allegations contained in paragraph 53 of ST Micro., Inc.'s Counterclaims.

2.      Defendants admit the allegations contained in paragraph 54 of ST Micro., Inc.'s Counterclaims.

3.          Defendants admit the allegations contained in paragraph 55 of ST Micro., Inc.'s Counterclaims.

4.          Defendants admit the allegations contained in paragraph 56 of ST Micro., Inc.'s Counterclaims.

5.          Defendants admit the allegations contained in paragraph 57 of ST Micro., Inc.'s Counterclaims.

## DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGMENT OF U.S. PATENT NO. 5,155,563

6.          Defendants admit the allegations contained in paragraph 58 of ST Micro., Inc.'s Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,155,563 (the '563 patent) before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '563 patent.

7.          Defendants admit the allegations contained in paragraph 59 of ST Micro., Inc.'s Counterclaims.

8.          Defendants admit the allegations contained in paragraph 60 of ST Micro., Inc.'s Counterclaims pertaining to the existence of actual controversy as to ST Micro., Inc.'s infringement of the '563 patent, and as to validity of said patent.

9.          Defendants deny the allegations contained in paragraph 61 of ST Micro., Inc.'s Counterclaims.

10.        Defendants deny the allegations contained in paragraph 62 of ST Micro., Inc.'s Counterclaims.

DLI-5870476v1

## DECLARATORY JUDGMENT FOR INVALIDITY AND
## NON-INFRINGMENT OF U.S. PATENT NO. 5,084,814

11.         Defendants admit the allegations contained in paragraph 63 of ST Micro., Inc.'s

Counterclaims, except that Defendants state that Motorola was the owner of all rights,

title and interest in and to U.S. Patent No. 5,084,814 ("the '814 patent") before April 4,

2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and

interest in and to the '814 patent.

12.         Defendants admit the allegations contained in paragraph 64 of ST Micro., Inc.'s

Counterclaims.

13.         Defendants admit the allegations contained in paragraph 65 of ST Micro., Inc.'s

Counterclaims pertaining to the existence of actual controversy as to ST Micro., Inc.'s

infringement of the '814 patent, and as to validity of said patent.

14.         Defendants deny the allegations contained in paragraph 66 of ST Micro., Inc.'s

Counterclaims.

15.         Defendants deny the allegations contained in paragraph 67 of ST Micro., Inc.'s

Counterclaims.

## DECLARATORY JUDGMENT FOR INVALIDITY AND
## NON-INFRINGMENT OF U.S. PATENT NO. 5,776,798

16.         Defendants admit the allegations contained in paragraph 68 of ST Micro., Inc.'s

Counterclaims, except that Defendants state that Motorola was the owner of all rights,

title and interest in and to U.S. Patent No. 5,776,798 ("the '798 patent") before April 4,

2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and

interest in and to the '798 patent.

17.         Defendants admit the allegations contained in paragraph 69 of ST Micro., Inc.'s

Counterclaims.

18.         Defendants admit the allegations contained in paragraph 70 of ST Micro., Inc.'s Counterclaims pertaining to the existence of actual controversy as to ST Micro., Inc.'s infringement of the '798 patent, and as to validity of said patent.

19.         Defendants deny the allegations contained in paragraph 71 of ST Micro., Inc.'s Counterclaims.

20.         Defendants deny the allegations contained in paragraph 72 of ST Micro., Inc.'s Counterclaims.

## DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGMENT OF U.S. PATENT NO. 4,548,654

21.         Defendants admit the allegations contained in paragraph 73 of ST Micro., Inc.'s Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 4,548,654 ("the '654 patent") before April 4, 2004, and that effective April 4, 2004, Freescale was the owner in all rights, title and interest in and to the '654 patent.

22.         Defendants admit the allegations contained in paragraph 74 of ST Micro., Inc.'s Counterclaims.

23.         Defendants admit the allegations contained in paragraph 75 of ST Micro., Inc.'s Counterclaims pertaining to the existence of actual controversy as to ST Micro., Inc.'s infringement of the '654 patent, and as to validity of said patent.

24.         Defendants deny the allegations contained in paragraph 76 of ST Micro., Inc.'s Counterclaims.

25.         Defendants deny the allegations contained in paragraph 77 of ST Micro., Inc.'s Counterclaims.

26.          Defendants deny the allegations contained in paragraph 78 of ST Micro., Inc.'s

Counterclaims.

**WHEREFORE,** Counterclaim-Plaintiffs pray for a judgment against STMicro as

follows:

       A.    That STMicro, Inc. takes nothing by its First Amended Complaint

and/or counterclaims in this action;

       B.    That the Court enter judgment against STMicro, Inc. and in favor

of Counterclaim-Plaintiffs and that STMicro, Inc.'s First Amended

Complaint and/or counterclaims in this action be dismissed with

prejudice;

       C.    That the Court decline to enter a declaratory judgment in favor of

STMicro, Inc that the claims of the '563, '814, '798, or '654

patents are invalid and/or void;

       D.    That the Court decline to enter a declaratory judgment in favor of

STMicro, Inc. that STMicro, Inc. has not and does not infringe the

'563, '814, '798 or '654 patents;

       E.    That the Court enter a declaratory judgment that the claims of the

STM Patents are invalid and/or void;

       F.    That the Court enter a declaratory judgment that Counterclaim-

Plaintiffs have not and do not infringe any of the STM Patents;

       G.    That the Court enter a declaratory judgment that the '789 patent is

unenforceable due to inequitable conduct before the United States

Patent and Trademark Office;

H.     Adjudge that the Counterclaim-Defendants are infringing the '563, '814, '798 and/or '654 patents;

I.     Adjudge that the Counterclaim-Defendants' infringement of the '563, '814, '798 and/or '654 patents was willful, and that Counterclaim-Defendants' continued infringement of the '563, '814, '798 and/or '654 patents is willful;

J.     Enter an order preliminarily and permanently enjoining the Counterclaim-Defendants from any further acts of infringement of the '563, '814, and/or '798 patents;

K.     Award Counterclaim-Plaintiffs damages in an amount adequate to compensate Counterclaim-Plaintiffs for the Counterclaim-Defendants' infringement of the '563, '814, '798 and/or '654 patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

L.     Enter an order trebling any and all damages awarded to Counterclaim-Plaintiffs by reason of the Counterclaim-Defendants' willful infringement of the '563, '814, '798 and/or '654 patents, pursuant to 35 U.S.C. § 284;

M.     Enter an order awarding Counterclaim-Plaintiffs interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

N.     That the Court declare this an exceptional case and award Counterclaim-Plaintiffs their costs, expenses, and reasonable

attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable

statutes, rules, and common law; and

O.     That the Court award Counterclaim-Plaintiffs such other and

further relief as the Court may deem just and proper.

Dated:  September 14, 2004

Respectfully submitted,

Kenneth R. Adamo, Esq.
kradamo@jonesday.com
State Bar No. 00846960
Attorney-in-Charge
Hilda C. Galvan, Esq.
hcgalvan@jonesday.com
State Bar No. 00787512
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone: 214/220-3939
Facsimile:  214/969-5100

Carl R. Roth, Esq.
cr@rothfirm.com
State Bar No. 17312000
Michael Smith, Esq.
ms@rothfirm.com
State Bar No. 18650410
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone:  903-935-1665
Facsimile:  903-935-1797

**OF COUNSEL:**
John Torres, Esq.
john.torres@motorola.com
State Bar No. 24033510
Ann Chilton, Esq.
ann.chilton@motorola.com
State Bar No. 00793424
Motorola, Inc.

**ATTORNEYS FOR DEFENDANTS
MOTOROLA, INC. AND
FREESCALE SEMICONDUCTOR, INC.**

7700 West Parmer Lane
Austin, TX 78729
Telephone:  512-996-6573
Facsimile:  512-996-7697

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on September 14, 2004.  Any other counsel of

record will be served by facsimile transmission and first class mail.

Kenneth Adano *by pcm*