IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STMICROELECTRONICS, INC., | § § | |
| Plaintiff, | § § | Civil Action No. 4:03-CV-276 |
| v. | § § | Judge Leonard E. Davis |
| MOTOROLA, INC., and FREESCALE SEMICONDUCTOR, INC. | § § § § | Jury Trial Demanded |
| Defendants, Counterclaim Plaintiffs, | § § § | |
| v. | § § | |
| STMICROELECTRONICS, N.V., and STMICROELECTRONICS, INC., | § § § | |
| Counterclaim Defendants | § § § | |

**THIRD AMENDED REPLY OF DEFENDANTS TO
COUNTERCLAIMS OF STMICROLECTRONICS, N.V.**

Defendants, Motorola, Inc. ("Motorola") and Freescale Semiconductor, Inc. ("Freescale") (collectively, "Defendants"), for their Reply to STMicrolectronics, N.V's ("ST NV") Counterclaims for Declaratory Relief ("Counterclaims"), as amended and stated in Counterclaim Defendant STMicroelectronics, N.V.'s Reply to Motorola's Fourth Amended Answer and Counterclaims, state as follows:

## INTRODUCTION

1.  Defendants admit that paragraph 60 of ST NV's Counterclaims identifies the nature and purported basis of ST NV's counterclaims. Defendants, however, deny that ST NV does not infringe certain patents and that such patents at issue are invalid or otherwise unenforceable.

## THE PARTIES

2. Upon information and belief, Defendants admit the allegations contained in paragraph 61 of ST NV's Counterclaims.

3. Defendants deny that Freescale is a wholly owned subsidiary of Motorola, but otherwise admit the allegations contained in paragraph 62 of ST NV's Counterclaims.

4. Defendants admit the allegations contained in paragraph 63 of ST NV's Counterclaims.

## JURISDICTION AND VENUE

5. Defendants admit that paragraph 64 of ST NV's Counterclaims purports to allege an action for declaratory judgment that the claims of U.S. Patent Nos. 5,155,563 (the "'563 patent"), 5,084,814 (the "'814 patent"), 5,776,798 (the "'798 patent"), and 4,548,654 (the "'654 patent") are invalid and not infringed, and denies any remaining allegations in this paragraph.

6. Defendants admit the allegations contained in paragraph 65 of ST NV's Counterclaims pertaining to subject matter jurisdiction and venue, and denies any remaining allegations in this paragraph.

7. Defendants admit the allegations contained in paragraph 66 of ST NV's Counterclaims pertaining to the existence of actual controversy as to ST NV's infringement of the '563, the '814, the '798 and the '654 patents, and as to validity and enforceability of said patents, and denies any remaining allegations in this paragraph.

8. Defendants admit the allegations contained in paragraph 67 of ST NV's Counterclaims.

## THE PATENTS

9.      Defendants admit the allegations contained in paragraph 68 of ST NV's Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,155,563 (the '563 patent) before April 4, 2004, and that effective April 4, 2004, Freescale is the owner in all rights, title and interest in and to the '563 patent.

10.     Defendants admit the allegations contained in paragraph 69 of ST NV's Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,084,814 ("the '814 patent") before April 4, 2004, and that effective April 4, 2004, Freescale is the owner in all rights, title and interest in and to the '814 patent.

11.     Defendants admit the allegations contained in paragraph 70 of ST NV's Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 5,776,798 ("the '798 patent") before April 4, 2004, and that effective April 4, 2004, Freescale is the owner in all rights, title and interest in and to the '798 patent.

12.     Defendants admit the allegations contained in paragraph 71 of ST NV's Counterclaims, except that Defendants state that Motorola was the owner of all rights, title and interest in and to U.S. Patent No. 4,548,654 ("the '654 patent") before April 4, 2004, and that effective April 4, 2004, Freescale is the owner in all rights, title and interest in and to the '654 patent.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,155,563

13. In response to paragraph 72 of ST NV's Counterclaims, Defendants reallege and reaffirm their responses to paragraphs 60-71 of ST NV's Counterclaims.

14. Defendants deny the allegations contained in paragraph 73 of ST NV's Counterclaims.

15. Defendants deny the allegations contained in paragraph 74 of ST NV's Counterclaims.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,084,814

16. In response to paragraph 75 of ST NV's Counterclaims, Defendants reallege and reaffirm their responses to paragraphs 60-71 of ST NV's Counterclaims.

17. Defendants deny the allegations contained in paragraph 76 of ST NV's Counterclaims.

18. Defendants deny the allegations contained in paragraph 77 of ST NV's Counterclaims.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,776,798

19. In response to paragraph 78 of ST NV's Counterclaims, Defendants reallege and reaffirm their responses to paragraphs 60-71 of ST NV's Counterclaims.

20. Defendants deny the allegations contained in paragraph 79 of ST NV's Counterclaims.

21. Defendants deny the allegations contained in paragraph 80 of ST NV's Counterclaims.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 4,548,654

22. In response to paragraph 81 of ST NV's Counterclaims, Defendants reallege and reaffirm their responses to paragraphs 60-71 of ST NV's Counterclaims.

23. Defendants deny the allegations contained in paragraph 82 of ST NV's Counterclaims.

24. Defendants deny the allegations contained in paragraph 83 of ST NV's Counterclaims.

## EXCEPTIONAL CASE

25. Defendants deny the allegations contained in paragraph 84 of ST NV's Counterclaims.

## PRAYER FOR RELIEF

Defendants request that ST NV take nothing by its counterclaims and instead judgment be granted in favor of Defendants as follows:

A. That the Court enter judgment against ST NV and in favor of Defendants and that ST NV's Counterclaims in this action be dismissed with prejudice;

B. That the Court decline to enter a declaratory judgment in favor of ST NV that it does not infringe any claims of the '563, '814, '798 or '654 patents;

C. That the Court decline to enter a declaratory judgment in favor of ST NV that the claims of the '563, '814, '798 or '654 patents are partially or wholly invalid and/or unenforceable;

D. Adjudge that ST NV is infringing the '563, '814, '798 or '654 patents;

E. Adjudge that ST NV's infringement of the '563, '814, '798 or '654 patents was willful, and that ST NV's continued infringement of these patents is willful;

F. Enter an order preliminarily and permanently enjoining ST NV from any further acts of infringement of the '563, '814, '798 or '654 patents;

G. Award Defendants damages in an amount adequate to compensate Defendants for ST NV's infringement of the '563, '814, '798 or '654 patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

H. Enter an order trebling any and all damages awarded to Defendants by reason of ST NV's willful infringement of the '563, '814, '798 or '654 patents, pursuant to 35 U.S.C. § 284;

I. Enter an order awarding Defendants interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

J. That the Court declare this an exceptional case and award Defendants their costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

CLI-1236907v1

K.   That the Court award Defendants such other and further relief as the Court may deem just and proper.

Dated: October 15, 2004

Respectfully submitted,

/s/ Kenneth R. Adamo
Kenneth R. Adamo, Esq.
kradamo@jonesday.com
State Bar No. 00846960
Attorney-in-Charge
Hilda C. Galvan, Esq.
hcgalvan@jonesday.com
State Bar No. 00787512
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: 214/220-3939
Facsimile: 214/969-5100

Carl R. Roth, Esq.
cr@rothfirm.com
State Bar No. 17312000
Michael Smith, Esq.
ms@rothfirm.com
State Bar No. 18650410
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: 903-935-1665
Facsimile: 903-935-1797

**ATTORNEYS FOR DEFENDANTS MOTOROLA, INC. and FREESCALE SEMICONDUCTOR, INC.**

**OF COUNSEL:**
John Torres, Esq.
john.torres@motorola.com
State Bar No. 24033510
Ann Chilton, Esq.
ann.chilton@motorola.com
State Bar No. 00793424
Motorola, Inc.
7700 West Parmer Lane
Austin, TX 78729
Telephone: 512-996-6573
Facsimile: 512-996-7697

CLI-1236907v1

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff Motorola, Inc. hereby certifies that a true and correct copy of the foregoing was served upon the counsel identified below this 15 day of October, 2004, as indicated:

| | |
|---|---|
| Bruce S. Sostek<br>THOMPSON & KNIGHT LLP<br>1700 Pacific Avenue, Suite 3300<br>Dallas, Texas 75201-4693 | **VIA HAND DELIVERY** |
| James P. Bradley<br>SIDLEY, AUSTIN, BROWN & WOOD, LLP<br>717 North Harwood Street, Suite 3400<br>Dallas, Texas 75201 | **VIA HAND DELIVERY** |
| Clyde Siebman<br>SIEBMAN, REYNOLDS & BURG, LLP<br>421 North Crockett<br>Sherman, Texas 75090 | **VIA FEDERAL EXPRESS** |
| Andrew Y. Piatnicia<br>HOWREY, SIMON, ARNOLD & WHITE<br>301 Ravenswood Avenue<br>Menlo Park, California 94025-3434 | **VIA FEDERAL EXPRESS** |

/s/ Kenneth R. Adamo